## No. 9266.

### THE STATE OF LOUISIANA vs. TSNI HO ET AL.

An appeal from a judgment of a recorder's court on the ground that the case involved a contestation as constitutionality and legality of a "fine, forfeiture or penalty imposed by a municipal corporation," cannot be maintained when it does not appear from the record that such "contestation" was raised in the lower court prior to final judgment.

APPEAL from the Second Recorder's Court. *Ford*, Recorder.

*Walter H. Rogers*, City Attorney, for Plaintiff and Appellee.

*J. C. Walker* for Defendants and Appellants.

The opinion of the Court was delivered by.

FENNER, J. This appeal finds its way into our Court under the sole protection of that clause of article 81 of the Constitution which extends our jurisdiction to "all cases in which the constitutionality or legality of any fine, forfeiture or penalty imposed by a municipal corporation shall be in contestation, whatever may be the amount thereof, etc."

Essential conditions precedent to the maintenance of our jurisdiction are wanting in this case.

It is obvious that the "contestation" referred to in the Constitution, must have existed in the lower court, and that the fact of its existence must affirmatively appear on the face of the record.

We have scrutinized this record without finding that any such "contestation" was raised in the lower court, before final judgment, either by way of plea, exception or defense. The unconstitutionality and illegality of the penalty imposed, were suggested for the first time, so far as the record shows, in the motion for an appeal from the judgment.

It does not appear that this question was raised on the trial or passed on by the magistrate.

The object of an appeal is to reverse or amend the judgment on the ground of error therein. We cannot find that the judge has committed error in the decision of the sole question which could give us jurisdiction, when it does not appear that such question was submitted to or decided by him, or was in "contestation" in the case.

Let the appeal be dismissed at appellants' cost.