## No. 12,349.

STATE EX REL. VINCENT SATCHO VS. JUDGE CRIMINAL DISTRICT
COURT, PARISH OF ORLEANS, SECTION A, AND DISTRICT ATTOR-
NEY, PARISH OF ORLEANS.

Every party charged with crime has the constitutional right to have subjected to
judicial investigation and testing the fact whether or not any particular charge
made against him has come up to the standard of legal requirement or not,
but it does not follow from this that in every case where a ruling by a District
Court on a motion to quash has been made adverse to a contention on that
subject which the party charged has urged, that the action of the court is re-
viewable by the Supreme Court through *certiorari* and prohibition, particularly
prior to trial and conviction.

It will not be assumed that it was the purpose of the Constitution investing in the
Supreme Court supervisory jurisdiction and in cutting off appeals by parties
charged and found guilty of misdemeanors that they could and should be able
to obtain not only the same relief that an appeal would give them, but greater
relief by shifting the form or method of procedure from a proceeding by
appeal to one by *certiorari*.

ON APPLICATION for Writs of *Certiorari* and Prohibition.

---

*W. L. Evans* for Relator.

---

*M. J. Cunningham*, Attorney General, and *Robert H. Marr*, District
Attorney, for Respondents.

---

Submitted on briefs December 19, 1896.
Opinion handed down January 4, 1897.

---

On the 17th of August, 1896, the District Attorney for the parish
of Orleans filed in the Criminal District Court for the parish of
Orleans, an information against the defendant.    On the 4th of
December defendant filed a motion to quash the information.    He
complains that the judge illegally overruled said objection.    That by
Art. 8 of the Constitution of Louisiana, parties accused are entitled
" in all criminal prosecutions " to " enjoy the right to be informed of
the nature and cause of the accusation " against him, which means
by a long line of precedents resting on principle, that in a prosecu-
tion for the commission of a statutory offence the words of the stat-
ute or others of fully equivalent import should be employed (State vs.

Jackson, 43 An. 184). That said criminal prosecution against him is fatally irregular and said information absolutely void, because (1) it does not describe any criminal offence known in the words of any penal statute, or, in " others of fully equivalent import," and because (3) it does not allege that relator was at the time mentioned in said information the proprietor of a place of public business which required a license under a law of the State of Louisiana or under a parochial or municipal law or ordinance." That the Criminal District Court is absolutely without jurisdiction to try said cause by reason of there being no legal information pending against him in said court. That if the judge of said court be not prohibited from proceeding further in the cause, he will force the defendant to trial and impose a sentence upon him (if convicted) in a case wherein there is no appeal and will forever deprive him of his constitutional right to be informed of the nature and cause of the accusation against him before trial, and will thereby cause him irreparable injury. He invokes the exercise of the supervisory jurisdiction of the Supreme Court conferred on it by Art. 90 of the Constitution, he prays for writs of *certiorari* and prohibition and due legal relief.

The opinion of the court was delivered by

NICHOLLS, C. J. The motion to quash was based on grounds substantially the same as those mentioned in relator's petition though somewhat amplified.

It asserts that " the information does not set forth in allegations, facts essential in a *prima facie* case of guilt under Act No. 18 of 1886; " that it does not allege "that relator failed to close such licensed place of business at 12 o'clock on Saturday night; that it does not allege that relator failed and refused to keep such licensed place of public business closed continuously for twenty-four hours thereafter, nor does it allege that relator did unlawfully give, trade, barter, exchange or sell any of the stock or any article of merchandise kept in any licensed establishment on Sunday." The information charges that relator, "on the 14th day of June, one thousand eight hundred and ninety-six, in the parish of Orleans, and within the jurisdiction of the Criminal District Court for the parish of Orleans, being the proprietor of a certain establishment and place of business commonly called a barroom, which, by law, is required

to be closed at 12 o'clock on Saturday nights, and to remain closed continuously for twenty-four hours, did on Sunday, the 14th day of June, one thousand eight hundred and ninety-six, unlawfully open his said establishment and public place of business aforesaid, and, being the proprietor thereof, did then and there unlawfully give, trade, barter, exchange and sell certain portions of the stock and certain articles of merchandise kept in such establishment and place of business, contrary to the form of the statute of the State of Louisiana in such case made and provided, and against the peace and dignity of the same.''

By the first section of Act 18 of 1886 it is enacted '' that from and after the 31st day of December, A. D. 1886, all stores, shops, saloons and all places of public business which are or may be licensed under the law of the State of Louisiana, or under any parochial or municipal law or ordinance, and all plantation stores, are hereby required to be closed at 12 o'clock on Saturday nights, and to remain closed continuously for twenty-four hours, during which period of time it shall not be lawful for the proprietors thereof to give, trade, barter, exchange or sell any of the stock or any article of merchandise kept in such establishment.''

The second section declares a violation of the provisions of the act to be a misdemeanor, and prescribes that on trial and conviction the party found guilty shall pay a fine of not less than twenty-five dollars, nor more than two hundred and fifty dollars, or be imprisoned for not less than ten days nor more than thirty days, or both, at the discretion of the court.

Upon a claim that his constitutional '' right to be informed of the nature and cause of the accusation against him '' would be violated by the criminal proceedings directed against him under the information copied, and upon an argument that that instrument is absolutely void, it charging no offence against any penal statute of the State, relator invokes the exercise by this court of the supervisory powers conferred upon it by Art. 90 of the Constitution to prohibit the judge of the Criminal District Court for the parish of Orleans and the District Attorney from proceeding further in the cause based thereon.

The eighth article of the Constitution, quoted by relator, does guarantee that in all criminal prosecutions the accused should '' enjoy the right to be informed of the nature and cause of the accusation

against him," and therefore every party charged with crime has the right to have subjected to judicial investigation, and testing the fact whether or not any particular charge made against him has come up to the standard of legal requirement or not. It does not follow from this that in every case where a ruling by a District Court upon a motion to quash has been made adverse to the contentions which the party charged has urged upon that subject, the court's action is reviewable by the Supreme Court through *certiorari* and prohibition, particularly prior to trial and conviction. A judicial tribunal has been called upon in this case to determine whether or not relator could legally and coustitutionally be sent to trial upon the charge as laid against him, and it has after hearing held that he could. The authority advancing the charge is separate and distinct from that passing upon the sufficiency of the charge as a basis for prosecution, and therefore it could not be claimed that the constitutional privilege urged has not received impartial judicial consideration. The power to accuse and the power to dispose of the accusation have not centred in one hand. Whether the conclusions reached by a district court in a given criminal case should be final, or whether they should be subject to review was a matter for constitutional provisions to fix. Relator's case is one which, from its character, is not appealable to this court. Our appellate jurisdiction in criminal cases is limited to " questions of law alone, whenever the punishment of death or imprisonment may be inflicted, or a fine exceeding three hundred dollars is actually imposed."

The question on which relator seeks to have us determine adversely to the views of the District Court is not only a question of law, but one which is patent on the face of the record.

Outside of the provisions of the Constitution, prescribing the limits of our appellate jurisdiction, there would be no logical reason why we should not as appropriately through an appeal, pass upon the rulings of a district court, made in prosecutions for minor offences on motions to quash informations or indictments based upon the alleged insufficiency of the allegations, than we should upon rulings of a similar character, made in graver cases, inasmuch as in neither class would we be called (on to deal with the facts of the case. The sovereign authority has thought proper, however, to leave the classification of crime to legislative discretion as to their importance and to grant a broader relief in one class of offences than in another. (State *ex rel.* Bourgeois vs. Police Jury, 45 An. 250.)

We do not understand that it was the purpose of the framers of the Constitution in vesting in this court supervisory jurisdiction and in cutting off appeals by parties charged and found guilty of misdemeanors that they could and should be able to obtain not only the same relief which an appeal would give them but greater relief by simply shifting the form or method of procedure from a proceeding by appeal to one by *certiorari*. If the General Assembly had thought proper to affix to the violation of the provisions of Act No. 18 of 1886, a penalty of punishment at hard labor in the penitentiary, and relator had stood charged upon the same information which he complains of now as insufficient, the present proceeding through *certiorari* would not be before us, as relator would have to stand his trial and rely upon ultimate relief through appeal. We see no ground upon which to assume that it was intended that he should occupy a better position in this respect by being charged with a lighter offence. Leaving aside any question as to the precise stage of the prosecution at which relator has had recourse to this court, we think that the conditions under which a party charged with crime in a non-appealable case could invoke our supervisory jurisdiction through *certiorari* as against an alleged insufficient information should be of the gravest and most serious nature. We should have to be convinced that the objections to the information were such as in point of fact would leave an accused in ignorance of the nature and cause of the accusation against him. The objections should not be be such as the party making them could only hope to succeed upon the application of the most stringent technical rules as to form and as to pleading; such defects as, in our opinion, would really work no injury.

The writ of *certiorari* is not one of right, but one for the exercise of judicial discretion in cases of substantial wrong and injury. We have examined the information filed against relator in this case. We think it does not leave him in ignorance of the nature and character of the accusation against him. That it sufficiently charges a violation of the statutory offence created by Act No. 18 of 1886, and that if it be open to objections, they are not of such a character as to work wrong or injury or to call for the exercise of our supervisory powers.

For the reasons herein assigned, the orders hereinbefore given are set aside, as are the writs based thereon, and relator's application is dismissed.