State vs. Freitas and Clayton.

No. 12,298.

THE STATE OF LOUISIANA VS. J. FREITAS AND THOMAS A. CLAYTON.

Under the limited jurisdiction of this court in reference to appeals from the courts of city recorders, the question of the guilt or innocence of a party prosecuted under a city ordinance can not be determined on appeal from such a court; but the evidence adduced on the trial in such court may be examined for the purpose of determining the constitutionality or legality of the fine or forfeiture imposed *in* the ordinance, but not that imposed *under* it.

APPEAL from the First Recorder's Court of the City of New Orleans. *Finnegan, J.*

*Rogers & Dodds* for Defendants, Appellants.

Argued and submitted January 9, 1897.
Opinion handed down Febuary 1, 1897.

The opinion of the court was delivered by

WATKINS, J. The defendants were arrested on a charge of having violated Sec. 7 of City Ordinance No. 6022, and Ordinance No. 4788, as amended by Ordinance No. 4334; and upon the trial they interposed a motion to quash the affidavits, on the ground that they preferred against them no offence known to or covered by said ordinances.

This motion was submitted upon an agreed statement of facts; and same having been overruled, the Recorder sentenced each of defendants to pay a fine of twenty-five dollars, and, in default of payment, to suffer thirty days' imprisonment in the parish prison, and from that decree they prosecute this appeal.

The following is substantially the statement of facts upon which the case was submitted, viz.:

That Clayton, one of the defendants, was, on the 7th of July, 1896, the general superintendent of the Southern Chemical and Fertilizing Company, Limited, and at that date instructed and directed Freitas, his co-defendant, to dump garbage in the vacant lot indicated in the aforesaid affidavits; and that he did dump the garbage accordingly. That the "garbage so dumped was mixed

garbage, composed of market sweepings, onions, potatoes, rem-
nants of beefsteaks, and everything that would come from a kitchen
and a yard," etc.

"That Ordinance No. 6022, Administration Series, of the city of
New Orleans is a valid and subsisting ordinance of said city of
New Orleans; that Sec. 7 of said ordinance was in force at the time
(of said occurrence) ; and that said ordinance, together with Ordi-
nance No. 4788, as amended by Ordinance No. 4334, are existing
ordinances of the city.

"It is further admitted that, at the date aforesaid, the city had not
designated any definite and certain locality to be used for the pur-
pose of dumping garbage."

On this statement there was no question raised and decided in the
recorder's court of the unconstitutionality or illegality of either of the
ordinances which are drawn in question; and, consequently, there is
none involved in this appeal. On the contrary, the distinct admis-
sion is that the ordinances in question are valid.

Indeed, the motion to quash, inferentially, at least, admits the
legality and validity of the city ordinances by alleging that they pre-
ferred against defendants no charge known to or covered by them.

This being the case, the evidence is not, in any event, reviewable
on appeal by this court; and, to determine the merits of the motion,
an examination of the evidence would be necessary.

In State vs. Fourcade, 45 An. 717, this court, after citing and
making a careful examination and analysis of authorities bearing on
the question, said:

"The questions of fact which the Supreme Court is required,
under Art. 81 of the Constitution of 1879, to examine into in respect
to the constitutionality or legality of a fine, forfeiture or penalty, are
those which are necessary to be investigated for the purpose of
determining those questions as to the fine, forfeiture or penalty
imposed *in* an ordinance of a municipal corporation, not those which,
if the ordinance be upheld, go to establish the guilt or innocence of
the accused *under* the ordinance."

In other words, the guilt or innocence of a party prosecuted under
a city ordinance is not examinable by this court on an appeal from
the court of a city recorder; but the evidence adduced on the trial in
the recorder's court may be examined for the sole purpose of deter-
mining the constitutionality or legality of the fine imposed *in* the
ordinance, but not that imposed *under* it.

The question, correctly speaking, is that of the legality of the fine *under the ordinance*, and not its legality *under the facts* adduced at the trial.    State vs. Zurich, just decided.

In order to remedy such errors or defects as the defendants' motion implies, some process other than an appeal should be resorted to.

We will reserve that right.  .

Entertaining this view of the legal situation, we feel constrained to dismiss the appeal, and it is so ordered.