No. 13,430.

STATE EX REL. VINCENT GRAFFINA VS. HONORABLE EDWARD FINNEGAN, RECORDER FIRST RECORDER'S COURT, CITY OF NEW ORLEANS.

## SYLLABUS.

1. Under supervisory jurisdiction vested by Article 94 of the Constitution, the Supreme Court will decide issues purely of facts when it appears that, owing to the erroneous construction of the meaning of an ordinance, the judge of the lower court has decided a defendant is guilty of having violated the ordinance, and this without the least evidence to sustain his sentence.

2. There were three separate charges brought against the defendant each of which was decided against him. Sentence on one of the charges is affirmed as legal. With reference to the other two charges, not being sustained by any evidence whatever, the sentences are illegal.

APPLICATION for a Writ of *Certiorari.*

*Stafford & Lambert,* for Relator.

*James J. McLoughlin,* Assistant City Attorney, for Respondent.

The opinion of the court was delivered by

BREAUX, J. Defendant setting forth that he was charged in the First Recorder's Court with violating City Ordinances Nos. 4155 and 7607, C. S.: first, with peddling vegetables within six squares of the public markets, second, with keeping a fruit stand and selling vegetables thereat, and third, with keeping a private market; that he in that court demurred to the affidavit, but that his demurrer was overruled, and he was found guilty of all the offences, asks for the issuing of a writ of *certiorari* to the end that the proceedings before the court *a qua* may be ascertained and the issues decided.

This court issued the usual writ *nisi* to have the papers brought up for examination. The trial and conviction complained of in this case present the same issues as those considered and passed upon in case No. 13,417, City of New Orleans vs. Graffina. We, in this last cited case, passed on all the questions of law presented, and held that on appeal this court is not vested with jurisdiction regarding ques-

tions of fact exclusively; that the court will not as a court of review or appeal consider, weigh, and decide questions of facts purely. This court has repeatedly held that, on appeal, the fact or facts referred to in Article 85 of the Constitution were facts to be considered in deciding questions of illegality or unconstitutionality of the law or ordinance, and not merely the fact or facts, for instance, of guilt or innocence of one accused of having violated a municipal ordinance presenting no question of law whatever, and giving rise to no issue which a court of appeals is bound to consider.

While this is the conclusion regarding jurisdiction on appeal, it does not follow that one is to remain condemned without a hearing when, for any reason patent of record, it appears that owing to some mistaken conception of the judge or some erroneous ruling, the defendant is condemned under an ordinance without the least fact to sustain the sentence. For instance, the court will, in this case before us for decision, take cognizance on an application for a writ of *certiorari* of the complaint, for the reason that it has supervisory jurisdiction over inferior courts, and that in the exercise of that jurisdiction it may correct a patent error of fact arising from the misapplication (or extent of the application sought to be made), of the terms of a municipal ordinance. We hold, under Article 94, that to the extent only that relator sells vegetables, he violates the ordinance; that it makes no difference whether he considers his place of business a private market or a store, stand, or other place of business; that the fact that he has not chosen to establish a private market does not afford him the least ground for selling food commodities which the ordinance provides should be sold at public or private markets. True, the defendant does not keep a private market, and cannot be held for keeping such a market, but he, none the less, violates the ordinance as to the sale of vegetables, as before stated.

With reference to the defence that the defendant is not a peddler, and that no evidence was offered to sustain the charge that he is a peddler, that, owing to a misconstruction of the ordinance, the court held that he is a peddler, we think that the defendant is entitled to a hearing.

There being no testimony before the court showing that he is a peddler, we must hold the defendant cannot be compelled to pay a penalty under the construction that one who sells market commodities at his store or business stand is a peddler. We have, in another

case, defined a peddler as meaning "one who sells anything having value, bought by him, and sold from place to place in small quantities". Roy vs. Schuff, 51st Ann., 86. The word peddler was also defined in Tax Colector vs. Ray, 50th Ann., 574, as being "one who carries about with him the articles of merchandise which he sells. That is to say, the identical merchandise he sells he has with him and delivers at the time of sale."

It is evident that the Recorder has erred in the meaning and scope of this word and that to that extent the enforcement of the ordinance is illegal.

In the case of State *ex rel.* Hohn vs. Recorder, 50 Ann., 549, a similar question regarding jurisdiction was presented and the court said, "that no proof whatever of the use was administered and proof claimed to negative that use since the notice was excluded. The sentence without proof and the refusal to hear relator's witnesses authorizes the relief claimed on the present application". Constitution, Article 90; C. P., 897.

In the case before us it also appears that sentence was pronounced against the defendant for being a peddler without proof that the defendant is, or was, a peddler. In the case, No. 13,417, we held that defendant was properly condemned for selling vegetables at his fruit stand. We did not pass upon the question of fact presented in that case. In the case now before us for decision, we pass upon the question of facts as coming clearly within the supervisory jurisdiction of this court.

It is therefore adjudged, ordered and decreed that the rule *nisi* issued in this case be made absolute and the application of relator is sustained to the extent that he has been condemned to pay for keeping a private market within the market limits and peddling within the market limits, and that it be refused to the extent that he has been condemned for "offering for sale and selling vegetables within the market limits".

This application is granted in part and rejected in part at respondent's costs. The writ is made perpetual.