The opinion of the court was delivered by
Breaux, J.
Defendant prosecutes this appeal from a judgment condemning him to pay a fine for keeping a private market within the market limits, and condemning him to pay an additional fine for selling vegetables within those limits, and another fine for peddling within market limits. In default of payment, be is ordered to be imprisoned for a stated number of days.
The affidavit made against the appellant, by the city authorities, sets out the ordinances he is charged with having violated, and the particular acts of the defendant complained of as being violative of those ordinances. It appears that the defendant keeps a fruit stand at the corner of Jackson Avenue and Magazine streets, where he sells fruit and vegetables in small quantities to consumers.
The place at which he keeps this fruit stand is within 2,100 feet of the nearest public market. This is within the limits prohibited by an ordinance of the Council. Defendant assails the ordinances of the Council he is charged with having violated, on a number of grounds, chiefly because they are ultra vires, unreasonable and discriminative. The ordinances attacked by the defendant are not ultra vires.
The State has the right tou-egulate the markets, and it may also delegate that power to the municipal corporation in which the markets sought to be regulated are situated. Regulations' regarding markets are indispensable in cities; and ordinances adopted for that purpose are not ultra vires when the municipality is authorized; as in this case, to regulate them. The right to establish a public market necessarily covers or embraces the right to prevent the establishing of private markets, and the right to prevent the sale of market commodities within the police regulations of a city for sanitary puiposes and for convenience. The object, primarily, is to enforce the inspection laws more strictly, and to prevent the sale of articles or provisions that are not sound.
The enforcement of inspection laws would be attended with great difficulty and annoyance, if all articles of food were sold at any place chosen by the vendors of such articles. Such regulations have always, been held permissible.
Not long since, this court had occasion to consider a similar question regarding the very ordinance now at hand, and it held that the *1084 municipality liad the.power to establish public markets, and to prevent the establishing' of private markets, or prohibit the sale of provisions and articles of daily consumption by peddlers. State vs. Namias, 49 Ann., 618.
This subject received consideration in another case,-in which it was held .that the right to establish public markets is accompanied by the right to prevent the establishing of private markets within certain prescribed limits. State vs. Gish, 31 Ann., 544.
It follows that the ordinances attacked by the defendant- are not amenable to the charge of being ultra vires.
But defendant contends that if they are not ultra vires, then, that they are unreasonable. The business of the retail fruit dealer is the only subject before us for decision. The right to carry on that business, within designated limits, may be made subordinate to the rights of public and other markets without violating the requirement that an ordinance shall be reasonable. All retail fruit dealers are brought within the terms of the ordinance. The municipality having the power to regulate the markets, the court will presume the ordinance to be reasonable, until the contrary is shown.
Defendant’s next complaint is, that it is discriminative and oppressive. In support of that complaint he avers, that if Section 34 of Ordinance 4155 forbids the keepers of fruit from selling anything other than fruit, that it is discriminative; as the prohibition is limited to fruit dealers, exclusively. It, may be that the Council, from a sanitary point of view, had reasons to exclude fruit dealers. There is no evidence before us regarding the necessity vel non of adopting an ordinance prohibiting fruit dealers from selling vegetables, but we do not take it that the prohibition is as limited as defendant contends. The ordinances under which public and private markets are established look to the sale of vegetables at these markets, and do not seem to sanction their sale at all hours, and at all places. It is ordained that they shall be sold at certain places, and under such conditions as defendant has not observed. This ordinance was before us for interpretation not long since in a case in which this court said, that “under the terms of the law referred to above, we are unable to see wherein any of the rights of defendants were infringed.
“They were dealers in vegetables, which the ordinance required should not he sold if in the market limits, within market hours. They were not excluded from the sale of their produce in the markets.”
*1085 State vs. Sarradat, 46 Ann., 700.
In that view, defendant has no ground whereon to urge the complaint of discrimination, because all vegetables must be sold in thf markets.
If his neighbors and others violate the ordinance, it affords him no ground of defense on this point. The law is general. In enacting the ordinance, the Oouncil, as we interpret it, made what they deemed an exception to the general rule, and ordained that there should be no interference with those carrying on the business of fruit vendors, provided it was limited to the sale of fruit only. In this we do not find that there was discrimination.
We decline to pass upon the questions of fact pressed upon our attention, as they properly come up for consideration on the application for a writ of certiorari.
It is therefore adjudged, ordered and decreed that the sentence and judgment appealed from is affirmed, to the extent that the defendant was condemned to pay two dollars and fifty cents for offereing for sale and selling vegetables within the market limits, and in default of the payment thereof, imprisoned for the stated number of days.
It is further adjudged, ordered and decreed that in all other respects the questions herein, being of facts, are left open to be decided in case No. 13,430, on relator’s application for a writ of certiorari. Appellee to pay costs.
Rehearing refused.