## No. 13,765.

### E. H. LOMBARD vs. CITIZENS BANK OF LOUISIANA.

#### SYLLABUS.

1. An order of court directing a party to the suit to set out his claim more specifically will not be reversed unless it is manifest that error has been committed.
2. It is not unreasonable to require of the pleader, who sues on a contract, to disclose whether he sues on a written contract or on a verbal contract.
3. Facts essential to sustain the suit should be stated.
4. A plaintiff is not entitled, as a matter of right, to an examination of defendant's books and papers to an extent requisite to enable him to make sufficient allegations to sustain his actions. His ground of attack should be sufficiently explicit to enable him to compel his adversary to produce needful books and papers on the trial.
5. Agreement of counsel, subject to different constructions, will not be taken in the presence of a disagreement as to the extent it was intended to include.

APPEAL from the Civil District Court, Parish of Orleans.—
*King, J.*

*Benjamin Rice Forman,* for Plaintiff, Appellant.

*Henry Denis* and *Branch K. Miller,* for Defendant, Appellee.

The opinion of the Court was delivered by

BREAUX, J. Appellant complains of a judgment of the District Court dismissing his suit on exception.

Appellant alleged in his petition that defendant is indebted to him in the sum of nine thousand four hundred and fifty dollars, because he, in 1891, was employed by the board of directors as land agent, and to look after the lands and property belonging to the mortgage department of the Citizens' Bank at an annual salary of three thousand dollars; that his contract of employment has been renewed annually including the year which ended on the first of February, 1901.

We quote from plaintiff's petition: "That up to the first of January, 1891, the said sum of three thousand dollars was annually paid him, but that thereafter he paid back at the rate of one hundred dollars per month or allowed the cashier to deduct, on account of an indebtedness which, up to the time, to-wit: the second of January, 1894, was canceled and paid up, but that thereafter the President of the Citizens' Bank wrongfully, illegally and without his consent, retained from his salary one hundred dollars a month for seventy-eight months, which has never been paid to him the petitioner, seventy-eight hundred dollars which is still due and unpaid, and your petitioner continued at the annual salary *on his contract, renewed annually,* at three thousand dollars a year, in the service of the said bank until the seventeenth of July, 1900, when he was discharged, and the action of the President in discharging him was on the third of August, 1900, ratified by a majority of the directors of the bank, and they *broke their contract.* He offered to continue until the end of the year, which was refused; that the bank owes him the whole of the July salary, less one hundred and ten dollars drawn on account during which month he rendered services for which he is entitled to a balance of one hundred and forty dollars and for the further sum for damages caused by the *breach of contract* for the residue of the year from the first of August, 1900, to the first of February, 1901." (Italics ours.)

Defendant filed an exception to this petition on the ground of vagueness, and averred further that plaintiff should allege whether he declared on written or a verbal contract; if verbal, with whom it was actually made; if in writing, defendant was entitled to *oyer;* that defendant is entitled to know in what mode the consent of the board of directors was given, whether by resolution or otherwise; if by resolution, its date and the form and manner the board manifested its consent; that plaintiff should set forth the nature of the indebtedness.

Plaintiff on the day of the trial offered to file an answer to the exception in which he averred that the *contract of employment* was entered into when he was employed originally, and that it was changed and modified from year to year afterward; that his salary originally was to be two thousand dollars a year and ten per cent. upon the revenues which he would succeed in realizing in the department of which he had charge, and that, subsequently, it was agreed that he should have a fixed salary of four thousand dollars a year, and afterwards this salary was reduced by one thousand dollars, and it thus remained until the contract was broken by the President of the bank; that these changes and modifications appear in the correspondence of the Citizens' Bank and in its books and minutes; that it is impossible for him to produce these books and papers. This answer was refused by the court, and plaintiff reserved a bill of exceptions to the ruling.

The exception of the defendant was then maintained and the plaintiff was directed to amend his petition. Plaintiff then filed a supplemental and amended petition in which he reiterated his demand and dwelt at some extent upon the particulars of his claim. With reference to his contract, plaintiff in his supplemental petition avers that it will appear by the resolution of the board of directors and the books of the bank *when his contract was made*. Plaintiff complains of the action of the President in deducting an amount monthly from his salary in satisfaction of a debt of which he did not owe the amount.

The District Court, in ruling. after the supplemental and amended petition had been filed, said. in substance, that plaintiff must set forth a cause of action. and whether he declared upon a written or oral contract; if upon the former, date and contents should be given, and if in defendant's possession when called upon, he should file it. If upon a verbal contract, needful particulars should be alleged to enable plaintiff to prove up his cause.

Plaintiff declared on a contract, to which he particularly refers in his pleadings. He was directed by the court to state whether or not it was in writing. No good reason suggests itself upon which to sustain the refusal. We have attentively read the brief, and have not found that any grounds at all are given for refusing to comply with the court's ruling in this respect. When a pleader declares on a contract, he may be called on to declare whether it is an oral or a written contract, and if he makes no attempt to comply with the directions, it is not improper to dismiss the action. It devolves upon the judge of the

court of original jurisdiction to make up the record, and, whenever in his judgment a motion to make more specific allegation is granted, we, in the nature of things, are not hasty in reversing his judgment entered in order to make records complete.

The District Court has authority, in case the allegations of facts are not specific enough, to issue such orders as will result in the bringing of a new suit with consistent averments.

There are slight incongruities in the petitions. In the first, the year in which the contract was entered into was 1891. In the supplemental petition, plaintiff's employment commenced in 1873. In the original petition plaintiff sets forth that his salary was the amount of three thousand dollars *per annum*. In the supplemental petition, plaintiff avers that in addition to the salary stated he was entitled to an amount contingent upon his success in managing the business he had in charge.

Plaintiff also averred that from the first of January, 1891, to the second of January, 1894, he allowed the cashier to deduct one hundred dollars a month on account of an indebtedness which was paid in full on the day last mentioned, but that the President of the bank continued to deduct from his salary until the deductions amounted to seventy-eight hundred dollars. The court directed, as we understand, that more specific allegations be made of the indebtedness upon which plaintiff has paid one hundred dollars a month.

Plaintiff claims a note of five thousand dollars, and complains of the action of the bank in charging him with this sum in their dealings. No allegations of the date of this note are made, and no good reason shown why this note should not be referred to with more particularity. Plaintiff also alleges that defendant held his mortgage note prescribed on property in the Parish of St. Bernard which was foreclosed in 1888, and that the President of the bank agreed with him that if he interposed no objection to the sale, the proceeds should be taken as satisfying his indebtedness.

The reason given for not making specific allegations regarding this record of foreclosure of mortgage in the Parish of St. Bernard would be sufficient and would be maintained for not producing the record on the trial of the case, but it is not sufficient to supply deficiency of allegations of a petition. We do not infer that this record was withheld from plaintiff in order to prevent him from making all needful allegations to sustain his demand.

No reason is given why the petition should not set out whether plaintiff sues on a written or verbal contract, but counsel says that, under the ruling complained of by him, if a plaintiff, who had been twenty-eight years in the service of the defendant, and whose contract has been changed from time to time, cannot recall the precise date when these contracts were changed, and has not access to the records of the bank, he is to be thrown out of court and denied his just demand.  We do not construe the ruling complained of as plaintiff chooses to contend.  Dates and matters of description are not essential to the extent of always requiring the dismissal of the action.  Dates may be supplied; errors corrected.  The pleader, however, must set out the contract upon which he bases his action.  He has the burden of allegation.  He must set forth his ground of attack with some certainty. The court determined, no doubt, that the multiplicity of averments were slightly confusing and that it was best in the interest of all concerned to relegate the parties to one petition setting forth plaintiff's demand instead of multifarious issues as presented.

We come to the second ground of complaint, to-wit: That defendant would not permit plaintiff to examine its books and papers in order to enable plaintiff to more fully set forth his case.  A party is without right to oyer of papers and books to enable him to prepare his attack. He is expected to force an issue sufficiently definite to enable him to compel the one sued to bring into court needful books and papers.  To this end he is expected to allege the facts he intends to prove by the books and papers.

Plaintiff in his supplemental petition says that the date of the contract will appear by the resolution of the board and the books of the bank, and invokes a verbal promise made by Mr. Henry Denis, counsel for the bank, in open court, which the president of the bank subsequently declined to comply with.  The letter of the plaintiff's counsel, and the answer, both concise and to the point, explain, and we for that reason insert them.

"*Henry Denis, Esq.*

"Dear Sir:—You said yesterday in court that I need not take out any *subpoena duces tecum* on the bank.  Will you kindly give instructions that Col. Lombard can have access to the books and papers and take copies.          "And oblige,

"Yours truly,

"B. R. FORMAN."

Answer:

"*Mr. B. R. Forman.*

"Dear Sir:—Under all circumstances your request to have the books, minutes and papers of the bank shown to Mr. Lombard would be too indefinite; but Mr. Nott says that he does not ratify my statement as to willingness on the subject.

"In haste, yours, etc.,

"Henry Denis."

We do not think that the court erred in declining to enforce an agreement of counsel which, doubtless, owing to the haste of the moment, resulted in a disagreement with regard to the scope of the agreement.

We have found no error in the judgment of the District Court.

It is therefore ordered, adjudged and decreed that it be affirmed.