## No. 14,185.

STATE OF LOUISIANA EX REL. CHARLES W. ZEIGLER VS. BOARD OF ASSESSORS ET ALS.

### SYLLABUS.

Where, in a suit for the cancellation of an assessment, the sole question at issue relates to the validity of the assessment, no question of the constitutionality or legality of the tax being involved, and the amount of tax is le ; han $2000 this court is without jurisdiction and the appeal will be d missed.

APPEAL from the civil district court, parish of Orleans—*St. Paul, J.*

---

*E. Howard McCaleb,* for plaintiff, appellee.

---

*E. K. Skinner,* for board of assessors, defendant, appellant.

---

*Frank B. Thomas,* assistant city attorney, for city of New Orleans, defendant, appellant.

---

*Francis C. Zacharie,* for state tax collector, defendant, appellant.

---

The opinion of the court was delivered by

MONROE, J. The defendant appeals from a judgment ordering it to

cancel an assessment of $15,000 in the name of the relator, for the year 1901, upon "merchandise or stock in trade in Standard Warehouse," etc.

It appears that the relator is conducting the business of a public warehouseman in New Orleans, and that the property referred to consists of sugar, rice, and other agricultural products, which belong to other persons and are stored therein; that he applied to the defendant within the legal delay, but without success, for the cancellation of said assessment; that his application was denied; and that he thereupon brought this suit. The defendant, by way of exception and for answer, alleges that the petition discloses no cause of action; that the plaintiff is estopped by reason of his failure to make a return of his property for assessment purposes, and that the assessment complained of is valid and correct. The appellee moves to dismiss the appeal on the ground that there is no question of the constitutionality or legality of a tax at issue, the sole matter in dispute relating to the validity of an assessment, and hence, the amount involved being less than $2000, that this court is without jurisdiction *ratione materiae*. These grounds are well taken, and the motion must be sustained. Adler, Goldman & Co. vs. Board, 37 Ann. 507; Favrot vs. Baton Rouge, 38 Ann. 231; Gillis & Kennett vs. Clayton, Assessor, 33 Ann. 285; Minor vs. Sheriff, 38 Ann. 99; Kock vs. Triche, Sheriff, 52 Ann. 833.

It is therefore ordered, adjudged and decreed that the appeal herein be dismissed at the cost of the appellant.