No. 14,310.

Town of Minden vs. P. H. McCrary—Town of Minden vs. P. H. McCrary and Others (Consolidated).

SYLLABUS.

ON MOTION TO DISMISS.

1. Inaccuracies in a bond of appeal in describing the judgment and sentence appealed from will not invalidate the appeal if the description contains statement sufficient to identify the sentence and judgment.

2. Cumulation for the appeal of all cases germane to each other and for similar offenses charged, if the cases are all brought up, in one transcript, will not present ground of itself to dismiss the appeal.

ON THE MERITS.

1. A bill of exception is not considered in a criminal trial when it only appears by entry in the minutes that the "bill was taken." State vs. Napoleon, 104 La. 166.

2. In order to give the Supreme Court appellate jurisdiction on the ground of the unconstitutionality and illegality of a fine imposed by a municipal corporation it must clearly appear that the issue was raised and determined in the lower court.

3. An affidavit, although not drawn in regular form, may be sufficient to sustain proceedings in a Mayor's court. State ex rel. Courrege vs. Mayor, 50 Ann. 45.

APPEAL from the Mayor's Court, Town of Minden—*Kent, J.*

*Lynn Kyle Watkins*, for Plaintiff, Appellee.

*R. C. Drew and Stewart & Stewart*, for Defendants, Appellants.

The opinion of the court was delivered by

BREAUX, J. The minutes of the Mayor's Court show that one of the defendants in case number one was charged with "permitting a gambling game to be run in his house, room, or tenement, accessible to the public in the town of Minden," and the other defendants were found guilty of gambling.

He was tried and found guilty and sentenced to pay a fine of fifty dollars ($50.00) and to be imprisoned one day for each dollar imposed in default of payment. From this sentence he appeals.

Here a motion is made to dismiss the appeal on a number of grounds, among them the following:

1st. "That there are too many cases included directly and by reference in one transcript of appeal and there is an illegal cumulation of causes for appeal in the several cases by reference and that the several cases are not appealable in one transcript before judgment entered and legal orders granted therein; not having been first consolidated for trial; in the alternative, if the town of Minden is held bound by the granting of such orders, then there is no reason for connecting case No. 1 and case No. 2 against McCreary in one transcript, as those two cases

do not stand together and have not the same evidence and the issues are
not triable in one case.

"2nd. That the case does not present any questions of law under
the pleadings and issues presented. Five other cases are brought up in
one transcript. The same defense is made as was made by defendant
in case No. 1."

In so far as plaintiff and appellee seeks to dismiss the appeal because
the bond is not in due form, we can only say that it contains the essen-
tials of a bond and is sufficient to enable appellants to sustain their
appeal. The consolidation of the suits to which the appellant objects
here for the first time is not as serious an objection as at first appears.
All the papers are before the court that were before the court of the
first instance.

The court, in its discretion, can consider more than one criminal case
in one transcript, if they are germane to each other.

The gambling charged against the defendants was, as we understand,
one game in which they all took part.

The motion to dismiss is overruled.


ON THE MERITS.

There are reasons special in this case, for refusing to reverse the
judgment on the ground that the ordinance attacked the affidavits and
that the other steps taken against the defendants are unconstitutional.

Appellants did not except to the action against them on the ground
of illegality and unconstitutionality. Merely a note in the minutes
that defendant took a bill of exceptions to the court's ruling is not the
action required. We should be reluctant to subject the defendants to
this fine unless compelled to do so by the clear rules of practice.

The decisions heretofore handed down leave us with no discretion in
the matter. It may be another case of *dura lex,* yet it is the law, to
which we must adhere. State vs. Napoleon, 104 La. 166.

Without a bill of exceptions, it does not appear that the question of
illegality and unconstitutionality was raised and considered in the
lower court. It has been repeatedly held that in order to raise the ques-
tion of unconstitutionality on appeal it is necessary for it to appear
that it had been raised in the court below.

Defendant has attacked the affidavit. The answer is to this complaint

that this court has not heretofore required this affidavit in the Mayor's Court and Recorder's Court to be technically accurate. It has been laid down as necessary to cover only the substance of the charge. State ex rel. Courrege vs. Mayor, 50 Ann. 45.

The ordinance sets forth in substance that all gambling is prohibited within the limits of the town of Minden.

Gambling, in one way or another, was made the subject of legislation in this State. Statute 69 of 1886. See State vs. Hunter, 107 La. 187. When the position is taken by defendant that the act charged is not denounced as a crime and is not punishable, we can only say in answer that enough of the facts should be embodied in a bill of exceptions to enable us to determine the question.

The judgment is affirmed.

Rehearing refused.