On Rehearing.
BLANCHARD, J.
By opinion and decree heretofore handed down at the present term of court, the main question presented in this cause was determined against the plaintiff, reversing, in so doing, the judgment appealed from, and holding the franchise held by plaintiff company to be taxable, and sustaining the valuation at which the same had been assessed for taxation, to-wit: — $30,000.00.
Afterwards, on application made, a rehearing was granted on the question, solely, of reduction of assessment, which had, in the lower court, been covered by the alternative prayer of the petition filed by plaintiff.
The case is now before us on such rehearing.
Counsel for the Board of Assessors suggest the want of jurisdiction, ratione materia, in this Court. Their contention is that the former judgment of the court herein being res judicata in so far as the legality of the tax sought to be enforced is concerned, and this rehearing having been granted solely for the purpose of considering whether the amount of the assessment is equitable, the matter at issue, the sum involved, the thing in controversy, is below the minimum jurisdictional limit of this court.
True it is that the validity vel non under the law, of an assessment for taxation is not now at issue in the case. On that issue the case has gone against the plaintiffs.
True it is that the sole remaining question left open is as to the true amount at which the plaintiff company’s franchise should be assessed for taxes for the year 1901.
And true it is that the assessment being $30,000.00, the rate of taxation (a little less, all told, than three per cent.) calculated thereon shows a result, as the amount of taxes due on such assessment for 1901, far below the minimum jurisdictional limit of the court.
This being so the court is'Without jurisdiction to pass upon the question now at issue, and its former decree was, in that respect, erroneous.
See Zeigler v. Board of Assessors, 107 La. 572, 32 South. 67, and authorities there cited.
The plaintiff cumulated two causes of ac-' tion in one petition — one contesting the validity of the assessment itself, raising the-question that whatever rights the company had in, to and under its contract with theOity of New Orleans relating to the Rocbeblave Market, the same were not subject to-assessment and taxation; the other that, if it should be held such rights were taxable,, then, in the alternative, that the assessment placed on same was and is excessive.
The suit, therefore, in its first cause of action challenged the legality itself of the tax sought to be enforced and this being so, this Court, under article 85 of the Constitution, had jurisdiction without regard to' the amount involved.
But its second cause of action — which remained dormant pending decision on the first cause of action, and only became of consequence and active after decision against the plaintiff on the first — presenting no issue of the legality or constitutionality of a tax, and the thing in contestation being below two' thousand dollars, this Court has no jurisdiction to entertain.
It was stated at the argument that an. appeal on this branch of the case was, through abundant caution, taken to the Court of Appeal for the Parish of ‘Orleans at the-same time the appeal was taken here, and that said appeal is now pending there.
It is, therefore, ordered that the appeal herein, in so far as the same is now pending, be dismissed at the costs of the plaintiff, leaving this controversy over the amount at1 which plaintiff company’s franchise for the year 1901 should be assessed to be determined by the Court of Appeal for the Parish of Orleans.