(35 South. 478.)

No. 14,780.

BURGUIERES et al. v. SANDERS, Sheriff, et al.*

J. M. BURGUIERES CO., Limited, v. SAME.

(Nov. 16, 1903.)

TAXATION—CONSTITUTIONAL LAW—SUPREME COURT—JURISDICTION.

1. The scheme of taxation for drainage purposes authorized by article 281 of the Constitution, Act No. 5, p. 7, of 1899 (Ex. Sess.), and Act No. 12, p. 12, of 1900, is not repugnant to the fifth amendment to the Constitution of the United States, and the prerequisites to local assessments established by Act No. 48, p. 51, of 1898, have no place therein.

2. The appellate jurisdiction of this court attaches in this case only by reason of the fact that there is a question of the constitutionality and legality of a tax presented, and only to the extent necessary to the decision of that question; and other questions, the decision of which is not involved therein or necessary thereto, are not within such jurisdiction.

(Syllabus by the Court.)

Appeal from Twenty-Third Judicial District Court, Parish of St. Mary; Albert Campbell Allen, Judge.

Suits by Joseph E. and Denis P. Burguieres and the J. M. Burguieres Company, Limited, against John B. Sanders, sheriff, and others. Suits were consolidated. Judgment for defendants, and plaintiffs appeal. Affirmed.

Mentz & Borah, for appellants. Foster, Milling, Godchaux & Sanders, for appellees.

Statement of the Case.

MONROE, J. The plaintiffs in the above-entitled suits enjoined the sale of certain lands owned by them in the parish of St.

---

*Rehearing denied December 14, 1903.

Mary, which were advertised to be sold for taxes levied by the Iberia and St. Mary drainage district—the first suit involving the tax of 1900; the second, that of 1901; and the total amount in controversy being below the jurisdictional limit of this court. The lands intended to be affected and the issue raised being the same in both, and the "company," plaintiff in the second, being the successor in title of the "estate" represented by the plaintiffs in the first, the two suits were consolidated.

The grounds of complaint are:

(1) That the lands in question will derive no benefit from the proposed drainage, and that their inclusion in the drainage district, and the consequent imposition upon them of the drainage tax, amount to a taking of property without due process of law, in violation of the fifth amendment to the Constitution of the United States.

(2) That the commissioners, in levying the taxes, failed to comply with the prerequisites established by Act No. 48, p. 51, of 1898, under which, it is said, the district is organized, in this:

That they failed to cause a plan, in duplicate, of the district, accurately describing the lands to be drained and the names of the proprietors, to be made and deposited in the offices of the clerks of the district courts of the parishes of Iberia and St. Mary, respectively; that they failed to insert in a newspaper published in said parishes a notice announcing that they would proceed to drain said district; that they failed to apply by petition to the district court, and, upon due proof of such notice, obtain a decree that "each portion of the property situated within their limits in said district of the property to be drained, and all the property to be benefited by said drainage, designated on the plan made by said commissioners, is subject to a first mortgage lien and privilege in favor of said board," etc.; and that they failed to cause such decree to be recorded in the offices of the clerks of said parishes.

(3) That the description by which said lands are advertised for sale is too vague to identify the same.

The defendants plead the exception of no cause of action, and, answering, deny the allegations of the petition, and aver that the Iberia and St. Mary drainage district was re-

organized under Act No. 12, p. 12, of 1900, and is not affected by prior legislation; that after such reorganization an election was held at which it was authorized to issue bonds to the amount of $100,000, and levy a 5-mill tax on all property subject to state taxation within the district for the payment of the same, and that thereupon one F. J. De Gravelle, a taxpayer of said district, instituted suit for the purpose of restraining the issuance of said bonds, but that, by a judgment covering the grounds here relied on, said suit was decided adversely to his pretensions; and that, under the authority and upon the faith of the judgment so rendered, said bonds were issued, and were negotiated at a premium. The defendant therefore pleads said judgment as "res judicata, amounting to an estoppel," and prays that plaintiffs' demand be rejected, and that there be taxed as costs 2 per cent. per month on the taxes enjoined, and 10 per cent. as attorney's fees.

Upon the trial the judge a quo excluded evidence tendered to show that the land in question will not be benefited by the proposed drainage, and, finding against the plaintiffs on the other points as well, gave judgment as prayed for by the defendants. From the judgment so rendered, plaintiffs prosecute the present appeal.

### Opinion.

It will be observed that the first ground of complaint presents no other issue than that of the alleged repugnancy to the Constitution of the United States of the law under which the defendants are proceeding. And concerning that issue, the learned counsel for plaintiffs now say that, in view of the decision of the Supreme Court of the United States in French v. Barber Asphalt Co., 181 U. S. 324, 21 Sup. Ct. 625, 45 L. Ed. 879, interpreting the decision in Norwood v. Baker, 172 U. S. 269, 19 Sup. Ct. 187, 43 L. Ed. 443, they have not the courage to make the argument which their petitions propound, and that they leave the question to the conscience of this court. As thus presented, the question might be disposed of by the statement that this court feels no more at liberty than do the learned counsel to disregard an interpretation placed by the Supreme Court of the United States upon the federal Con-

stitution. The fact, however, is that the doctrine of the case of French v. Barber Asphalt Co. is substantially the same as that which had been announced by this court, and which has been affirmed in Kelly v. Chadwick, 104 La. 719, 29 South. 295; Bruning v. Chadwick, 104 La. 718, 29 South. 301; Moody v. Chadwick, 108 La. 66, 32 South. 181. And assuming that doctrine to have been correctly applied by the Supreme Court of the United States and by this court in cases in which, proceeding upon the theory that they derive greater benefit therefrom, particular parcels of land in the same taxing district are made to bear, in proportion to frontage, but without regard to assessed valuation or to the particular benefit derived by each parcel, the whole cost of certain local improvements, a fortiori should it be applied in the present case, in which, proceeding upon the theory of benefit to the whole district, and under the authority of the law, constitutional and statutory, there has been levied a tax, as contradistinguished from a local assessment, upon all the taxable property within the district, on the basis of its assessed valuation, and without regard to the special benefit to be derived by any particular property. For, whilst there is appreciable force in the argument that, if a number of parcels of land are made to bear the burden of an assessment for a local improvement, because of special benefit to be derived therefrom, such burden should be distributed in equal proportion with the benefit, the proposition cannot be entertained that the taxing power proper is to be regulated upon the basis of the benefit to be received in particular cases by particular individuals or particular property, since, if it were so, those who are childless would complain of the school taxes, and those who own unimproved property would complain of the taxes levied for the maintenance of roads and bridges, and (in municipalities) police and fire departments, etc.

Plaintiffs' second and third grounds of complaint do not bear upon the question of the legality or constitutionality of the tax. Thus, as their second ground, they set up, not the illegality or unconstitutionality of the tax, but the failure of the commissioners to comply with certain alleged prerequisites to its collection; and, as their third ground,

they allege that, for a tax which (as to this ground) may be perfectly valid, the defendants are about to sell their property by an insufficient description. Under these circumstances, and as the appellate jurisdiction of this court attaches only by reason of the fact that there is a question of the constitutionality and legality of a tax presented, and only to the extent necessary to the decision of that question, and as the decision of the other questions above mentioned is not thus necessary, it follows that they are not within such jurisdiction, and, as now presented, cannot be determined. Kock v. Triche, Sheriff, 52 La. Ann. 833, 27 South. 354, and authorities there cited; State v. Putman & King, 106 La. 88, 30 South. 285; State v. Delgado & Co., 107 La. 76, 31 South. 389; State ex rel. Ziegler v. Board, etc., 107 La. 572, 32 South. 67; State v. Freitas & Clayton, 49 La. Ann. 345, 21 South. 551; State v. Zurich, 49 La. Ann. 447, 21 South. 977; State ex rel. Graffina v. Finnegan, 52 La. Ann. 694, 27 South. 564; City v. Graffina, 52 La. Ann. 1082, 27 South. 590; Louisiana Society, etc., v. Moody, 52 La. Ann. 1815, 28 South. 224; City of New Orleans v. Rinaldi, 105 La. 183, 29 South. 484.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be affirmed at the cost of the appellants.