(41 South. 711.)

No. 15,936.

## MAYOR, ETC., OF TOWN OF HOMER v. BROWN.

(June 18, 1906.)

1. CRIMINAL LAW—APPEAL—DECISIONS REVIEWABLE—NATURE OF SUBJECT-MATTER—VALIDITY OF ORDINANCE.

Where a party charged with having violated a municipal corporation ordinance, in which a fine is imposed for its violation, unsuccessfully contested the legality of that ordinance in the trial court, he is entitled to an appeal to the Supreme Court on that issue, regardless of the amount involved.

The issue and contestation, to be so appealable, is as to the legality of the legislation of the municipal corporation, not as to proceedings taken in the trial court in enforcement of the ordinances, nor as to the correctness or legality of the conclusions or action of the judge below, acting under and by virtue of the ordinance. Municipality v. Blanc, 1 La. Ann. 385; State v. Zurich, 21 South. 977, 49 La. Ann. 447; State v. Fourcade, 13 South. 187, 45 La. Ann. 721, 40 Am. St. Rep. 249.

2. SAME.

Under the Constitution of 1898 the class of cases wherein an issue in the trial court as to the legality or constitutionality of ordinances gives a direct right of appeal to the Supreme Court from the decision on that issue in the trial court has been enlarged and made to cover municipal ordinances wherein no fine has been authorized or directed to be imposed for their violation; but in that class of cases the judgment of the trial court to authorize an appeal must have been against the constitutionality of the ordinance.

3. INTOXICATING LIQUORS — MUNICIPAL CORPORATIONS—ORDINANCES—VALIDITY.

The ordinance which is resisted in this case did not fall within the grasp and scope of the powers conferred upon the town, and is illegal and ultra vires.

Breaux, C. J., dissenting.

(Syllabus by the Court.)

Appeal from Mayor's Court of Town of Homer; Hugh Taylor, Judge.

Suit by the mayor and board of selectmen of the town of Homer against Thomas H. Brown. From a judgment against the defendant, he appeals. Reversed, and suit dismissed.

Richardson & Richardson, for appellant. Enos Howard McClendon, for appellee.

NICHOLLS, J. Defendant, charged with "violating an ordinance No. 63 of the town, was tried and convicted and sentenced to pay a fine of $50 and costs, and in default of payment to be confined in the lock-up for 30 days."

He pleaded that the town had no authority, either under the Constitution or by act of the Legislature, to pass said ordinance; that the ordinance was illegal, ultra vires, and unconstitutional. The pleas were overruled.

After sentence, defendant appealed.

In the Supreme Court the appellee has moved to dismiss the appeal on the ground that it was without appellate jurisdiction in the premises, and that the only issue raised by the pleadings was as to the constitutionality of the Ordinance No. 63, under which defendant was fined by the mayor; that the legality of the fine imposed was not attacked, and for that reason it was not in contestation.

In support of the motion to dismiss counsel cite State ex rel. Johnson v. Thompson, 111 La. 315, 35 South. 582, and Town of Ruston v. Monroe Fountaine, 118 La. ——, 42 South. 644.

Defendant, in opposition to the motion, cites State v. Tsnin Ho, 37 La. Ann. 50, State v. Clesi, 44 La. Ann. 86, 10 South. 409, State v. Hennessey, 44 La. Ann. 805, 11 South.

39, State v. Freitas, 49 La. Ann. 345, 21 South. 551, State v. Zurich, 49 La. Ann. 447, 21 South. 977, State v. Hohn, 50 La. Ann. 432, 23 South. 966, State v. Faber, 50 La. Ann. 952, 24 South. 662, and Town of Minden v. McCrary, 108 La. 518, 32 South. 468.

### On Motion to Dismiss.

Appellant is appealing from a sentence of the mayor's court imposing a fine upon him by virtue of land under the authority of an ordinance of the town of Homer. He unsuccessfully pleaded the illegality and unconstitutionality of the ordinance, leveling his attack against the right, power, and authority of the town to enact the ordinance in imposing the fine.

He occupies, therefore, the very situation which entitles him under the terms of article 85 of the Constitution of 1898, to have his case appealed to the Supreme Court. He does not seek to have it examine under this appeal the proceedings taken in the mayor's court under and in enforcement of the ordinance and the actions and conclusions of the mayor, but to examine the proceedings taken by the council and board of trustees of the town of Homer and their power and authority in passing the ordinance and imposing the fine therein ordered to be inflicted for its violation; in other words, he is attacking the legality and constitutionality of the ordinance itself. Counsel of appellee seems to take the position that the contestation made below should have been, not the legality and constitutionality of the ordinance imposed by the corporation, but the legality and constitutionality of the proceedings in the mayor's court and of the judgment rendered by the mayor imposing the fine.

In that contention he is in error. That position was contended for and ruled against as far back as the case of Third Municipality v. Blanc, 1 La. Ann. 385, wherein unanswerable reasons were assigned for so concluding. The decision in that case has been repeatedly affirmed since, and has been made the basis of the jurisprudence on that subject since. This court has nothing whatever to do on an appeal from the decision of the mayor's court, with the proceedings in that court, and the conclusions of the mayor as to the guilt or innocence of the defendant under the evidence and the ordinance.

If these matters are assailable, they should be assailed by certiorari or prohibition.

We have nothing to do with the facts of this case further than was declared in State v. Fourcade, 45 La. Ann. 721, 13 South. 187, 40 Am. St. Rep. 249.

The portion of article 85 of the present Constitution, upon which rests the right of appellant to bring his case by appeal to this court, is identical with that of article 81 of the Constitution of 1879, and the jurisprudence under it remains unaltered. The present article has enlarged the class of cases in matters of contestation in regard to the legality and constitutionality of municipal ordinances in which an appeal to the Supreme Court is authorized, so as to cover cases of ordinances generally; that is, to ordinances which have not imposed a fine wherein the legality and constitutionality of the particular ordinance has been contested. In that class of ordinances the right of appeal is conditioned upon the judgment of the lower court having been adverse to the constitutionality of the ordinance.

In the Blanc Case, 1 La. Ann. 386, the court said:

"The purpose of the Constitution was to enable the citizen in all the cases provided to test their constitutionality and legality to the court of last resort, and thus enable this tribunal to interpose directly a check upon the abuses of municipal legislation. Questions arising in the application and execution of municipal ordinances are left with the ordinary tribunals, under the right of appeal for an examination of the facts as in other civil cases. The magistrates who administer the law are all, in relation to their judicial functions, state officers, and there is no reason for any direct supervision over their proceedings as to matters of fact in

any particular class of cases within their jurisdiction. Any inconvenience in this respect is presumed to be fully provided for in the mode of their selection and the short duration of their appointment.

"It would be difficult to assign a reasonable cause, which should subject these two clauses of the Constitution to an entirely different operation, and require from the appellate court, in case of a tax, toll, or impost, nowhere extortionately or unjustly applied, to confine itself to the question of its constitutionality or legality, without giving the party aggrieved any other relief than the decision on these points would afford, and in case of a fine or penalty enable the same court to take cognizance of and decide upon the whole merits of the case.

"The reason is the same in both cases for the exercise of the appellate power on questions of law and its nonexercise on matters of fact. By these means, which we recognize, the Constitution as affording supervision over municipal legislation is secured, and the cognizance of facts left with the tribunals of the first instance exclusively in cases under the amount fixed for the appellate jurisdiction of this court in civil cases.

"The concluding part of this article of the Constitution limits the jurisdiction of this court in criminal cases to questions of law, and the conclusion that, in the case of a petty fine, a greater privilege should be held to be secured to the citizen than in prosecution involving liberty or life, and rest on something more definite than a mere implication.

"Another conclusive reason against adopting the interpretation of the clause of the article contended for by the counsel for the defendant is that the determination of questions of fact in the numerous cases which occur of this kind would be impossible under the present organization of this court."

If the construction of article 85 of the Constitution of 1898 which counsel of the town of Homer contends for were correct, the result would be to open an appeal to the Supreme Court on all questions of fact and law involved therein, regardless of amount, and importance, all judgments of mayors, recorders, justices of the peace, and other inferior officials, rendered in the enforcement of municipal ordinances, while matters of the most serious import, decided by district judges upon matters resting upon an administration of the laws of the state, would be unappealable to the Supreme Court, unless it should be made to appear that the matters in dispute therein were such as to make them fall above the lower limit of that court's

jurisdiction. A construction which would lead to such results could not possibly be a proper one. See, on this point, State ex rel. Satcho v. Judge, 49 La. Ann. 235, 21 South. 690.

The motion to dismiss is not well grounded, and it is hereby denied.

### On the Merits.

In the brief filed on behalf of the town its counsel says:

"The amended charter of Homer (section 3) gives the mayor and selectmen the power to make regulations to secure the general health of the municipality, to prevent, to remove and abate nuisances, * * * to prohibit and suppress tippling shops, saloons, dramshops, clubrooms * * * and all kinds of indecent and other disorderly practices."

These provisions of the charter are those upon which the power and authority of the town to enact the ordinances are sought to be made to rest.

Ordinance No. 63, for the violation of which appellant was convicted and sentenced, provides that:

"It shall be unlawful for any person or persons to solicit, receive, accept or transmit orders for the sale of intoxicating liquors of any kind within the corporate limits of the town of Homer, La., and any person or persons convicted on trial before the mayor of violating this ordinance shall be fined not more than one hundred dollars, for each and every offense, or imprisonment not exceeding thirty days or both at the discretion of the mayor."

A comparison of the ordinance with the powers upon which it is supposed to rest fails, as it should, to bring its terms within the grasp of the powers conferred upon the town. The ordinance is so vague, indefinite, and general as really not to furnish the basis upon which to ground an offense. State v. Forman, 50 La. Ann. 1023, 24 South. 603. It has no foundation to rest upon outside of the will of the board of trustees and the mayor. We are of the opinion that the ordinance in question was adopted without and beyond any authority given to the town of Homer, and that it is illegal.

For the reasons assigned, it is hereby or-

dered, adjudged, and decreed that the judgment appealed from is hereby annulled, avoided, and reversed, and the suit is dismissed, with costs.

BREAUX, C. J. I respectfully dissent.