State vs. Dunbar.

No. 10,718.

THE STATE OF LOUISIANA VS. CAROLINE AND LYDIA DUNBAR.

1. ·It is unnecessary for an affidavit, filed before the judge of a recorder's court, in the city of New Orleans, charging the violation of a city ordinance, to set out the charge in the manner and form, and with the circumstantiality of averment, that is requisite in the confection of a criminal indictment.

2. For the punishment of persons offending city ordinances, the power is lodged in municipal officers, and much must be, necessarily, left to their sound judgment and discretion in the manner of its exercise.

APPEAL from the Third Recorder's Court of the City of New Orleans. *Landry, J.*

*Henry Renshaw* and *Carleton Hunt* for Plaintiff and Appellee.

*J. M. Pratt* for Defendants and Appellants.

The opinion of the court was delivered by

WATKINS, J.   In the court of Recorder Landry an affidavit was made and filed therein of the following tenor and purport, viz. :

" That one Caroline Dunbar and one Lydia Dunbar did (on) Friday, July 25, 1890, between 1 and 2 o'clock P. M., on Peters avenue, between Green and George streets (and) within the jurisdiction of this honorable court, then and there insult and abuse affiant, in violation of section 9 of city ordinance No. 3121, as amended by ordinance No. 3680."

Having been arrested and brought before the recorder, the defendants excepted and moved to quash the complaint on several grounds, the only one relied upon here being that " the affidavit does not describe any offense, either under any known statute of the State, or ordinance of the City of New Orleans; and it does not comply with Article 7 of the Constitution."

This demurrer having been overruled, a trial had, and the defendants found guilty, they have appealed.

The question argued in the brief of defendants' counsel is that the mere statement in the affidavit, that the defendants did, at a certain time and place, *insult and abuse* the prosecutor and complainant, is insufficient, because it sets out merely a legal conclusion, and does not set out and particularly specify the acts and abuse, which are the *gravamen* of the offense charged.

While it may be true that the complaint lodged with the recorder is informal and does not contain the essential averments necessary to the perfection of an indictment in constitutional courts of general and unlimited criminal jurisdiction, it is a *non sequiter* that it is insuf-

ficient or inadequate for the purpose of such proceedings in a recorder's court—notwithstanding it be a court *pro hac vice* of last resort. In such courts the formalities of criminal procedure in courts of record are dispensed with *ex nicessitate rei*.

The charge preferred against the defendants was simply the violation of a municipal ordinance which prohibited a disturbance of the good order and decorum of the community. For the punishment of persons offending such municipal regulations, the power is lodged in municipal officers; and much must be necessarily left to their sound judgment and discretion in the manner of its exercise. We regard the affidavit to be sufficient and the appellants' complaint unfounded.

Judgment affirmed.