State vs. Baker.

## No. 10,889.

### THE STATE OF LOUISIANA VS. MRS. BAKER.

1.  The precision required in indictments for crime before courts of record is not applicable to affidavits against violators of municipal ordinances before recorders' courts.
2.  An affidavit against defendant for keeping an assignation house at a designated place, in violation of Section 8 of Ordinance 4434, is a sufficient foundation for trial and sentence, although it does not state all the circumstances contained in the section referred to as constituting the offence.

APPEAL from the Second Recorder's Court of the City of New Orleans. *Aucoin, J.*

*Henry Renshaw*, Assistant City Attorney, and *Carleton Hunt*, City Attorney, for Plaintiff and Appellee.

*Jas. C. Walker* for Defendant and Appellant.

The opinion of the court was delivered by

FENNER, J. The defendant, charged with violating a municipal ordinance, was tried before the recorder, and sentenced to pay a fine of $25, or, in default of payment, to be imprisoned for 30 days. She appeals to this court, and asserts that the fine and penalty imposed are illegal, because she was charged, tried, and sentenced for no offence denounced by any municipal ordinance.

The affidavit, under which she was held, charges her with keeping "an assignation house, in violation of Section 8, of city ordinance 4434, Council series."

The said section is in the following words: "That whenever a house of prostitution, or assignation, within, or without, the limits established by this ordinance, may become dangerous to public morals, either from the manner in which it is conducted or the character of the neighborhood in which it is situated, the mayor may, on such acts coming to his knowledge, order the occupant of such house, building, or room, to remove therefrom within a delay of five days, by service of notice on such occupants in person, or by posting the notice on the door of the house, building, or room, to remove therefrom within a delay of five days, and upon such occu-

pant's failing to do so, each shall be punished as provided in Section 10 of this ordinance."

The record shows that the recorder received full proof that accused was keeping an assignation house at No. 336 Dauphine street; that the mayor had received a petition, signed by numerous residents of the neighborhood, complaining and denouncing the same as injurious to public morals; that he had served upon defendant the notice provided by the ordinance; and, that she had not removed within the delay therein stated.

The defendant, however, excepted to all the evidence, and objected to the whole proceeding, on the ground above indicated that she was not charged with any offence denounced in the Section 8 of said ordinance. No other offence is denounced by that section except the keeping of a house of prostitution, or assignation, in a designated locality, *after* having been notified by the mayor to remove within five days, and *after* having failed to remove within that delay. The charge in the affidavit that she was keeping an assignation house, "in violation of Section 8," meant, and could mean, nothing but that she was so keeping it, after receiving the notice, and after the expiration of the delay allowed.

The affidavit was sufficient, the evidence under it was properly received, and the sentence corresponded to the offence.

The precison required in indictments, for crime before courts of record, is not required in affidavits for violation of municipal ordinances before recorders' courts, which are not courts of record. State vs. Dunbar, 43d An.

We have already maintained the legality and constitutionality of this ordinance. State vs. Mack, 41 An. 1079. Judgment affirmed.