No. 12,584.

STATE OF LOUISIANA EX REL. J. M. COURREGE VS. JOHN FISHER, MAYOR OF THE TOWN OF NEW IBERIA.

Application for writs of *certiorari* and prohibition. Relief asked from sentence of fine and imprisonment by mayor's court, based upon allegations of illegality and nullity in reference to both form and matter.

Regularity and legality of trial reviewed; writs denied in part and granted in part.

Course of procedure before mayor's court is summary. Proceedings for the punishment of offenders against municipal ordinances enacted in virtue of implied or incidental powers of corporations, or in the exercise of legitimate police authority for the preservation of peace, good order, etc., and which relate to minor acts and matters, are not usually or properly regarded as criminal.

The object and purpose of the amendment of the town charter, authorizing the mayor to commit to prison any person refusing to pay a fine imposed for violation of a municipal ordinance, is to coerce the payment of the fine, and not to inflict double punishment.

APPLICATION for Writs of *Certiorari* and Prohibition.

---

L. O. *Hacker*, *Weeks & Weeks* and *Foster & Broussard* for Relator.

---

A. J. *Cammack* and *Walter J. Burke & Bro.* for Respondent.

---

Submitted on briefs September 6, 1897.

Opinion handed down January 10, 1898.

Decree amended as to costs and rehearing refused February 7, 1898.

The opinion of the court was delivered by

BLANCHARD, J.  The relator complains of an order for his incarceration in prison issued by the mayor of the town of New Iberia.

This order is based upon a trial and conviction had before the mayor's court for a violation of a municipal ordinance.

The ordinance in question is as follows:

"That it shall be unlawful for the owner, manager or clerk of any saloon or coffee-house within the limits of the town of New Iberia * * * to invite, admit or permit to remain therein any lewd woman or prostitute, for the purpose of drinking, carousing or any other lewd or immoral purpose, or any purpose whatever, and any proprietor of such place, or his clerk or agent, violating the foregoing provisions, shall be liable to a fine not exceeding twenty-five dollars, or imprisonment not to exceed five days, or both, at the discretion of the mayor."

The facts are that two lewd negro women at night entered the saloon in the rear of relator's store; one of them bought an intoxicating drink and divided it with her companion, both drinking the liquor in the saloon.  A policeman of the town witnessed this violation of the ordinance and reported it to the mayor.  The next morning the relator was summoned before the mayor's court to answer to the complaint.  He was tried, found guilty and sentenced to pay a fine of twenty-five dollars.

After a short interval, the accused, having said nothing and intimated no purpose of paying the fine, was asked by the mayor what he intended doing about it.  He replied that he would not pay the fine.

The mayor then ordered him committed to the town prison for ten days.

Thereupon the accused, finding he was about to be imprisoned, declared his willingness to pay the fine of twenty-five dollars "under protest."  But the mayor declined to so receive it and directed the order of imprisonment to be carried into effect.

The relator then applied to this court for its remedial writs of *certiorari* and prohibition, praying that the validity of the proceedings of the mayor's court be inquired into and passed upon, and for judgment avoiding the same and releasing him from incarceration thereunder.

This prayer is based upon allegations of illegality and nullity in reference to both form and matter.

Summarized, certain of them are as follows:

1. Want of affidavit charging violation of the ordinance.

2. No warrant issued for his arrest.

3. No opportunity given to summon witnesses, nor to prepare his defence, nor to be heard through counsel.

The writs applied for can not be maintained on any of these grounds. Two of the propositions are erroneous in law; the third without foundation in fact.

The mayor's court had jurisdiction. The charter of the town shows his authority to impose the fine. There was an ordinance forbidding the act of which relator was guilty. There can be no question of the validity of this ordinance. It was within the police power of the town. There was warrant in the charter for it. A trial usual before mayor's courts was had. The result of that trial was the imposition of a fine authorized by the ordinance.

The course of procedure before a mayor's court is summary. Proceedings for the punishment of offenders against municipal ordinances enacted in virtue of implied or incidental powers of corporations, or in the exercise of legitimate police authority for the preservation of peace, good order, safety and health, and which relate to minor acts and matters, are not usually or properly regarded as criminal. A. and E. Ency. of Law, Vol. 24, 504; State vs. Gutierrez, 15 An. 192; Natal vs. Louisiana, 139 U. S. 621; Mayor and City Council vs. Meuer, 85 An. 1193.

In this view, it is not essential that an affidavit should precede an arrest for the violation of a municipal ordinance, or that a formal warrant for arrest should issue.

The purpose of both is to bring the party accused to the bar of the court to answer to the charge made.

In the instant case the accused appeared in response to the summons to do so and submitted to the trial. Thereafter it did not lie in his mouth to complain that his appearance there was not preceded by an affidavit and warrant. Bishop's Crim. Proc., Vol. 1, Sec. 235; State ex rel. Zuberbier vs. Judge, 33 An. 16.

It is not shown that the relator asked for time to summon witnesses and was refused it; nor to prepare for his defence and was denied it; nor to be heard by counsel and was forbidden it.

The fine imposed by the mayor was within the authority of the ordinance. He might have imprisoned him for five days without imposing the fine, or he might have inflicted both the fine and imprisonment. He imposed only the fine.

Thus far he was acting under the ordinance relating to lewd women hereinbefore quoted. But when the relator refused to pay the fine thus imposed, it is claimed on behalf of the mayor that he violated the sixteenth amendment of the town charter, and that, thereupon, arose the authority of the mayor, under the terms of that amendment, to deal further with him.

We quote as follows from the charter amendment aforesaid: " In all cases wherein the mayor shall, in the exercise of the powers herein g;anted him, and in accordance with the laws and ordinances of the corporation, impose any fine, penalty or forfeiture on any person for the breach thereof, and such person shall not comply with and perform the judgment imposing the same, he shall be committed to the town prison until discharged by law for a time not to exceed thirty days, for any one offence, the time to be determined by the mayor trying the offence."

Under the authority here conferred the mayor had the power to sentence the relator, for refusing to pay his fine, to prison for any number of days not exceeding thirty. He did sentence him to ten days. But immediately, in order to obviate the sentence of imprisonment, the relator offered to pay the fine.

This the mayor refused to receive and directed his imprisonment.

In this the mayor erred. The purpose and object of the sixteenth amendment to the town charter, heretofore quoted, is to coerce the payment of fines imposed and not to inflict double punishment. It follows that when relator offered to pay the fine it should have been received and the accused discharged.

To this extent he is entitled to relief at our hands.

It is, therefore, ordered and decreed that the sentence of twenty-five dollars fine, imposed upon relator by the respondent mayor for violation of the municipal ordinance relating to lewd women, be recognized as legal and valid, and in so far as this fine is concerned the peremptory writs applied for are refused, and it is ordered that relator stand committed under the judgment and sentence of imprisonment until the fine is paid.

It is further ordered and decreed that upon payment of the fine imposed relator be discharged from custody, and to this extent the alternative writs herein issued be made peremptory.

## ON APPLICATION FOR REHEARING.

It is called to the attention of the court that the decree herein fails to direct upon whom the costs of this proceeding should fall.

Correcting this, it is now ordered that defendant pay the costs.

Rehearing refused.