## No. 12,589.

### THE STATE EX REL. MRS. LOUISA HOHN VS. EDWARD FINNEGAN, RECORDER, ETC.

1. To authorize the fines under the ordinance against the keeping of houses of prostitution or assignation there must be proof of the notice to the occupant given by the Mayor provided by the ordinance, and proof of the use of the house for the prohibited purposes. Flynn's Digest of the Ordinances, Sec. 1081; 36 An., 913; 41 An. 1081.

2. Hence, when such fines have been imposed with no proof of the prohibited use, and only on proof of the notice, and the relator has been denied the right to offer witnesses she claims would disprove the charge against her, the sentence of the recorder imposing the fines must be set aside. Constitution, Art 90; Code of Practice, Art. 857.

3. The court again affirms that charges before the Recorders for violations of the laws or ordinances do not require the precision of indictments, but reasonable notice of the charge is all that is required. Horr & Bemiss on Municipal Ordinances, p. 45, Sec. 172; 43 An. 836; 44 An. 79.

A N APPLICATION for a Writ of *Certiorari.*

*O. B. Sansum* for Relator.

*James J. McLoughlin* Assistant City Attorney, and *Samuel L. Gilmore,* City Attorney, for Respondent.

Submitted on briefs May 7, 1898.
Opinion handed down May 16, 1898.

The opinion of the court was delivered by

MILLER, J. The relator seeks by the writs of *certiorari* and prohibition to review the proceedings before the Recorder of the First District, resulting in the sentence that Relator pay fines for violating the city ordinances prohibiting assignation houses.

With other allegations unnecessary to be considered, the Relator

charges in effect that she was condemned with no sufficient notice of the charge, and with no proof required or administered, under the view of the Recorder of the ordinance under which he claims to have acted.

In proceedings before the Recorder for violation of ordinances it is not essential the rules should be observed with reference to the structure of indictments. It suffices that the affidavit on which the proceedings are based should with reasonable certainty specify the offence. In this case the affidavit charges the violation of the ordinance, giving its number, relating to houses of prostitution and assignation, and the dates when the violations occurred are stated. The affidavit would have been in better form if the Relator had been charged with keeping a house of the character prohibited by the ordinance. No greater particularity could be deemed required when the use of the house for the purposes of prostitution and assignation is the offence. We think the affidavit conveyed with sufficient certainty the notice of the charge. Horr & Bemiss on Municipal Ordinances, p. 145, Sec. 172; State vs. Mack, 41 An. 1081; State vs. Dunbar, 43 An. 836.

The more serious complaint of the Relator is that she was sentenced without any proof, save of notice given by the Mayor to remove from her premises. This furnishes the basis of the argument that Relator has been sentenced not for keeping an assignation house, but for non-compliance with the order of the mayor. This construction of the ordinance that authorizes sentence on mere proof of the notice and non-compliance, the relator insists, makes the ordinance exceed the power conferred by the charter on the council, and also brings the ordinance in plain conflict with the constitutional guarantees of the rights of person and property.

The ordinance provides that whenever a house of prostitution or assignation becomes dangerous to public morals from the manner it is conducted, or the character of the neighborhood, and the mayor is informed of it, that it shall be his duty to give notice to the occupant of the house to remove, and for the offence of keeping the house and for each day's persistence in that use after receiving the notice, the ordinance imposes a fine. Flynn's Digest, Art. 1081. It appears the relator in previous proceedings before the recorder was fined, then brought the case before us on a *certiorari*, but the record disclosed no basis for us to review the proceeding. She was again

fined, and that case was brought here by appeal, presenting no ground for reversal under the limited jurisdiction we have on appeals in this class of cases. From the subsequent sentence for twenty-two days of persistent use of the house for the forbidden purposes, the Relator seeks relief by the writ of *certiorari* bringing up the record now before us. The allegation in the petition is that the fines for twenty-two days, that is five dollars for each day, were imposed on no proof of that use, that no witness was offered to show any such use since the notice of the mayor, and as we understand the petition and argument the recorder declined to hear testimony there had been no such use. The sentences were imposed solely on proof of the notice given about two months before the sentence now under review was imposed. Our examination of the record sent here under the *certiorari* exhibits no proof of any use since the notice, though there is the offer in evidence of the record of the prosecution before the recorder on the previous occasion when the relator was fined. The case then presents the question whether the fines in question can be imposed on proof merely, of the mayor's notice, and whether the Relator was not entitled to offer witnesses to show no prohibited use after the notice.

Under this ordinance the use of the house for the purposes specified is the offence, not the failure to obey the mayor's notice. No fine can be imposed, it is true, without proof of the mayor's notice, but it is equally true that the keeping of the house for the prohibited purpose must be also proved. Were it otherwise the mayor's notice would be conclusive of the offence. No such construction can be admitted consistently with the protection the Constitution affords to the rights of property. Constitution, Art. 6; Corporation of Minden vs. Silverstein & Dittmer, 36 An. 913; State vs. Mack, 41 An. 1081. It is quite true that the use of the house for the purposes forbidden by the ordinance once proved, is presumed to continue until disproved. But the difficulty in this case is that no proof whatever of the use was administered and proof claimed to negative that use since the notice was excluded. The sentence without proof and the refusal to hear relator's witnesses authorizes the relief claimed on the present application. Constitution, Art. 90; Code of Practice, Art. 897.

It is therefore ordered, adjudged and decreed that the sentence imposing the fines of one hundred and ten dollars, the subject of this

litigation, be annulled and set aside, without prejudice to the right of the city to seek their recovery in another prosecution to be conducted in accordance with the views herein expressed, the cost of these proceedings to be paid by respondents.