## No. 13,642.

### City of New Orleans vs. Annie Rinaldi.

#### Syllabus.

1.  The legality and constitutionality of the ordinance attacked alone are at issue.
2.  The act denounced by the City Council has the sanction of several statutes.
3.  The defendant does not appeal from the asserted notice, but from the judgment which was afterwards rendered.
4.  If the notice be illegal, it was not the basis of the judgment appealed from ; which was rendered on an affidavit and after hearing witnesses.
5.  While it is desirable that an affidavit initiating a proceeding such as was instituted should specify the particulars constituting the charge brought, it may yet be held sufficient if it sets forth the ordinance and the particular section violated.
6.  While a *subpoena* applied for should issue, if, on appeal, it appears that the testimony of the witnesses would not in any manner have served to sustain defendant's theory, the judgment will not be annulled.

APPEAL from the Second Recorder's Court, City of New Orleans— *Marmouget, J.*

*Samuel L. Gilmore,* City Attorney, and *M. Dracos Dimitry,* Assistant City Attorney, for Plaintiff, Appellee.

*Joseph B. Derbes* for Defendant, Appellant.

The opinion of the court was delivered by

BREAUX, J. This is an appeal from a judgment condemning the appellant and defendant to pay a fine of five dollars, or, in default of payment of this fine, to be imprisoned for ten days for the alleged violation of a city ordinance. The Mayor of the city issued a notice which was duly served on the defendant and which was signed June 26th, 1900. On the 27th day of July following, one of the police officers of the city filed an affidavit against the defendant containing a reference to the ordinance which he swore defendant had violated. The defendant was arraigned and testimony was heard for the respective parties to the suit. After the evidence had been heard, the judgment to which we have before referred was rendered.

We do not make a summary of the facts, for all the parties agree in the statements that, under the repeated decisions of this court, the facts are not before us on an appeal from the Recorder's Court. Our jurisdiction on appeal is confined to a review as to the legality and constitutionality of the ordinance assailed and the fine imposed. From the number of decisions on that subject, we cite the most recent, State vs. Hahn, 50 Ann. 432, and City vs. Graffina, 52 Ann. 1082, and pass to a consideration of the points at issue on this appeal.

The first ground urged by defendant in her demurrer filed in the Recorder's Court is that Ordinance No. 13,032, C. C., as amended by Ordinance No. 13,485, is illegal and unconstitutional for the reason that there is no such offense known in the law as that embodied in Section 6 of Ordinance No. 13,032 C. S. The court *a qua* found that the whole ordinance had been violated and did not confine the decision to Section 6 of the original ordinance. The whole ordinance embraces the original and the amending ordinance. Reading the two together, the original and the amended, we find no difficulty in arriving at the conclusion that there is an offense known to the law as set out in this ordinance. We will not dwell upon this phase of the issue. We do not conceive its necessity. The authority is delegated to the municipality and such legislation has always received the law's sanction.

The next objection stated in the demurrer is directed against the officer of the city by whom the notice, before mentioned, was issued. The complaint is that he assumed, before sufficient hearing, that the defendant was amenable to the charge made and that, thus assuming,

he issued a notice which should not have been issued before hearing. Conceding that this complaint covers the asserted harshness of the notice in question, it yet remains a fact that an examination was had and that no judgment was pronounced before the defendant had the opportunity of being heard before the recorder's court. However stringent the Mayor's notice may have been, and however true may be the charge that it was a preliminary step too conclusive in its nature, the defendant did not leave on account of the notice, but remained and stood her trial, which resulted in the judgment from which she appeals. She does not appeal from the asserted offending notice, but from the judgment of a competent court. This notice did not have, under the circumstances and in view of the trial and subsequent judgment, the effect of a judgment. We leave this contention of defendant after citing Waters Pierce Oil Co. vs. Mayer, 47 Ann. 863, as having some bearing in support of this notice.

The next ground of the defendant's complaint, as set out in the demurred, is that the affidavit is vague, indefinite, and insufficient.

It was, we think, drawn in the usual form of such an affidavit. The affiant pointed to the ordinance which he swore had been violated and sufficiently, in our view, placed the defendant on her defense.

The next ground of the demurrer is equally unsustained by reason sufficient to authorize us to set aside the judgment appealed against as null. We have already stated that, in our view, the prosecution and the judgment were broad enough in their scope to embrace the charge of having violated all the ordinance, both original and amendment. It would serve no purpose for us to decide that Section 6 of Ordinance No. 13,032, C. S., is unconstitutional, in the face of the fact that there are a number of sections other than Section 6 not attacked and not subject to attack, which sustain the proceedings and the judgment, if the facts are as found by the recorder. The defendant did not file a bill of particulars, as she might have done.

Before this court, on appeal, defendant urges that the lower court, without reason in law, refused to grant her a motion for a *subpoena* on the Mayor. The record shows that counsel had a note showing the court's refusal to grant this motion entered on the minutes in lieu of a bill of exceptions. We notice that defendant's brief on appeal sets forth that the Mayor stated, in the notice to the defendant to remove from the house designated, "his knowledge" of the facts charged; that this notice was made the basis of the proceedings.

On appeal, the defendant urges that in view of this asserted "knowledge," and the fact that this notice was the basis of the proceedings, she was entitled to his testimony. If this position be correct, the *subpoena* should have been issued if timely requested. The position may be correct from defendant's standpoint, but not when the questions involved are considered as a whole. The Mayor's asserted knowledge had naught to do with the proceedings before the Recorder's Court. Defendant appeals from the judgment pronounced by the Recorder and not from anything connected with or growing out of the Mayor's notice to vacate.

The proceedings were initiated by an affidavit, which was issued three months after the Mayor's notice. The affidavit charges the defendant with having violated Ordinance No. 13,032, C. S., Sections 1, 2, and 6, as amended by Ordinance No. 13,485, C. S. We strike out for the moment Section 6, under which the Mayor acted, and still there remains a complete prohibition which the defendant is charged with having violated.

Section first of Ordinance No. 13,032, C. S., is complete in itself and when taken and construed with Section 5, the prohibition is about as complete as any prohibition can be. It follows that there is no necessity to pass upon the Mayor's action and that his testimony regarding that action can not have the least bearing. His notice was foreign to the conviction. Testimony relating to the notice is not germane to the issues involved and now before us for decision. One has no right to testimony touching an issue not before the court.

For the reasons assigned, the judgment appealed from is affirmed.