(35 South. 582.)

No. 14,999.

STATE ex rel. JOHNSON v. THOMPSON, Mayor, et al.

(Nov. 30, 1903.)

SUPREME COURT — SUPERVISORY POWERS — REMEDY BY APPEAL—CRIMINAL LAW—AFFIDAVIT.

1. The supervisory powers of this court, under article 94 of the Constitution, will not be exercised in a case where there is an adequate remedy by appeal.

2. Under the same powers, this court will not review the question of the guilt or innocence of the accused.

3. The affidavit upon which is based a prosecution before a mayor's court for the violation of a town police ordinance is sufficient if it informs the accused what acts of his are complained of and what ordinance has been violated.

(Syllabus by the Court.)

Application by the state, on the relation of one Johnson, for writ of certiorari and prohibition to B. F. Thompson, mayor of the town of Ruston, and R. B. Dawkins, judge

for the judicial district court. Application dismissed.

John B. Holstead, for relator. Price & Roberts, for respondents.

PROVOSTY, J. The plaintiff was charged by affidavit in the mayor's court of the town of Ruston with the violation of a town ordinance. He pleaded the illegality of the ordinance, the insufficiency of the affidavit, and his innocence of the charge. He was convicted, and sentenced to pay a fine, and in default of payment to go to jail for 30 days. He took two appeals—one to this court on the question of the illegality of the ordinance, and one to the district court on all other questions. He perfected his appeal to the district court, and that court having affirmed the judgment of the mayor's court, and remanded the judgment to the court for execution, he now invokes the supervisory power of this court, praying for writs of certiorari and prohibition to the district court and to the mayor's court, and praying, further, that the judgments against him be annulled and he be released. He avers that he is unable, for want of means, to perfect his appeal to this court.

We think that for obtaining a review of the judgment of the lower court on the question of the legality of the ordinance plaintiff should have perfected the appeal he took to this court on that question. The supervisory powers of this court, under article 94 of the Constitution, cannot be exercised simply to afford a cheaper remedy to litigants. Where the litigant has an adequate remedy by appeal he must use it.

On the other questions—those as to the innocence of the plaintiff and as to the sufficiency of the affidavit—no sufficient case is presented for our interference.

With the question of the guilt or innocence of complainants this court has uniformly refused to meddle.

The question of the sufficiency of the affidavit this court may examine. The ordinance is entitled "An ordinance for suppression of what is commonly known as the Blind Tiger in the town of Ruston, Louisiana, and fixing penalties." Its section 1 declares the "Blind Tiger" to be a nuisance. Its section 2 denounces a penalty against any

one found guilty of keeping or having in possession "in any house, store room, or at any other place" intoxicating liquors for the purpose of being disposed of (even by gift) or drunk on the premises. Its section 3 authorizes the search of premises for the purpose of ascertaining whether they are "Blind Tigers." Its section 4 provides "that when intoxicating liquors are found in the searched premises or in possession of any person it shall be prima facie evidence of the guilt of the owner, keeper or lessee of said premises where the illicit goods are found or of the person upon whom or in whose possession the illicit goods are found, that it is for illicit purposes and for maintaining a public nuisance and suffer the penalty as provided in section —— of this ordinance."

The affidavit charges that on a specified day the plaintiff "did, in violation of ordinance No. 15 of the town of Ruston, have in his possession a jug of whisky within the corporate limits of the town of Ruston."

We think that this affidavit was sufficient. It informed plaintiff of what the charge against him was, namely, of his having had on the day named intoxicating liquors in his possession, and having thereby violated ordinance 15 of the town of Ruston; that is to say, of having kept a "Blind Tiger." If the affidavit had been drawn with all the technical precision required for indictments the defendant would hardly have been more fully informed of what acts of his were complained of. As an indictment the affidavit would unquestionably be fatally defective, in that it does not charge the defendant with having kept a "Blind Tiger," but merely with having had intoxicating liquors in his possession, which is only the evidence of the offense and not the offense itself. But it is well settled that proceedings for the enforcement of the police ordinances of towns do not have to be conducted with the same attention to fullness and precision in mere matter of form as is required for the prosecution of crimes in courts of record. State v. Dunbar, 43 La. Ann. 836, 9 South. 492; State v. Baker, 44 La. Ann. 79, 10 South. 405. This court has held that such prosecutions may be verbal. State ex rel. Courrege v. Fisher, 50 La. Ann. 45, 23 South. 92. A fortiori, then, must they not be scrutinized

too closely in mere form. Suffice if information is conveyed to the accused of what particular acts or facts the prosecution is based on, and that was done in this case.

The case is easily distinguished from that of State ex rel. Lewis v. Arnauld, 50 La. Ann. 1, 22 South. 978. In the ordinance there in question a variety of acts were described, any one of which should constitute the offense denounced, and the affidavit charged in general terms that the defendant had violated the ordinance, without specifying what act he was accused of having committed. In the instant case, on the contrary, the act complained of is specifically stated.

The plaintiff's application is dismissed, at his cost.