(86 South. 554)

No. 24156.

## CITY OF NEW ORLEANS v. GRIFFIN et al.

(Nov. 3, 1920.)

*(Syllabus by Editorial Staff.)*

1. **Municipal corporations ⬤⟳639(1)—Affidavit held to sufficiently inform defendants of violation of dairy limit ordinance.**

An affidavit charging defendants with having violated "at 2117 Lafayette avenue" Ordinance "No. 13335 C. O. C. S., amended by C. O. 5419, C. C. S., relative to dairy limits," *held* to sufficiently inform defendants of the nature of the charge against them.

2. **Criminal law ⬤⟳419, 420(12)—Unsworn petitions to city council not admissible as evidence.**

In a prosecution for violation of an ordinance relating to dairy limits, where defendants claimed that the ordinance was adopted, not because of any public necessity, but simply to please certain persons living outside the dairy limits, petitions presented to the council by such outsiders were merely unsworn statements, and not admissible in evidence.

3. **Municipal corporations ⬤⟳111(7) — Motive in adopting ordinance inadmissible.**

The motives of a municipal council cannot be inquired into for impugning the validity of a public ordinance.

4. **Constitutional law ⬤⟳278(4) — Ordinance fixing dairy limits did not deprive dairymen of property without due process of law.**

An ordinance forbidding keeping of dairies within certain limits cannot be *held* invalid as depriving dairymen of property without due process of law, in the absence of a showing that it is unnecessary and unreasonable.

Appeal from Second Recorder's Court of City of New Orleans; Louis Burthe, Jr., Recorder.

Widow J. Griffin, Steve Griffin, and John Griffin, Jr., were convicted of a violation of an ordinance relative to dairy limits, and appeal. Affirmed.

Walter B. Hamlin, of New Orleans, for appellants.

I. D. Moore, City Atty., and John F. C. Waldo and George F. Bartley, Asst. City Attys., all of New Orleans, for appellee.

PROVOSTY, J. The affidavit upon which defendants were convicted in the recorder's court in this case charges them with having violated "at 2117 Lafayette avenue" Ordinance "No. 13,335 C. O. C. S., amended by C. O. 5419, C. C. S., relative to dairy limits."

[1] The complaint of defendants that this does not inform them of the nature of the charge against them, so as to enable them to make their defense, is, we think, unfounded. They could not pretend not to know that the ordinance in question is the one which forbids the keeping of dairies within certain limits designated in the ordinance, and that by the violation of it at 2117 Lafayette avenue was meant that their violation of the ordinance had been by keeping a dairy at that number of that street.

A prior ordinance fixing dairy limits was allowed to be introduced in evidence over the objection of defendants; and defendants complain of this, because, they say, this other ordinance was not alleged to have been violated, and was therefore irrelevant. Granting, for argument, that it was, what harm could its reception in evidence do to defendants?

[2, 3] Defendants, claiming that the adoption of the ordinance they are charged with having violated was not because of any public necessity, but simply to please certain persons living outside of the dairy limits fixed in the ordinance, sought to introduce in evidence certain petitions presented to the counsel by these outsiders, and were not allowed to do so.

The contents of the petitions were mere unsworn statements and therefore not evidence; and, in so far as offered for the purpose of showing the motives of the council in adopting the ordinance, were doubly inadmissible for the reason that the motives of

a municipal council cannot be inquired into for impugning the validity of a public ordinance. 28 Cyc. 375. No doubt, defendants had the right to impugn by evidence the reasonableness of the ordinance, by showing that the space included within the limits fixed in the ordinance was so sparsely settled that the forbidding of dairies at such a place was purely arbitrary on the part of the council; but we do not understand that the purpose of offering the petitions in evidence was to show the unsettled condition of the locality, but merely to show a wrong motive on the part of the council. Moreover, for showing the condition of the locality the petitions would have been inadmissible, for the reason already given that their contents were the mere unsworn statements of the petitioners, and therefore not evidence.

[4] The ordinance not having been shown to have been unnecessary and unreasonable, the argument against its validity, as depriving defendants of their property without due process of law, is met fully by the decision of this court in the case of City of New Orleans v. Murat, 119 La. 1093, 44 South. 898, where the validity of this same ordinance was upheld.

Judgment affirmed.