(122 So. 282)

No. 29840.

CITY OF NEW ORLEANS v. GREEN et al.
In re GREEN et al.

April 22, 1929.

E. I. Mahoney and Wm. K. Horn, both of New Orleans, for relators.

LAND, J. Relators were convicted in the First recorder's court of the city of New Orleans and were sentenced to pay a fine of $25 or to serve 30 days in the parish prison for "trespassing."

An appeal was taken to the criminal district court for the parish of Orleans and was allotted for trial to division C, presided over by Hon. A. D. Henriques, Judge.

On the day of trial, relators attacked the validity of the affidavit made against them in the recorder's court through an assignment of errors, which was overruled, and the conviction and sentence of all the defendants were affirmed.

The case is now before us under our supervisory jurisdiction, invoked by the relators through application for a writ of certiorari directed to the trial judge, in the criminal district court for the parish of Orleans.

The affidavit in the case is made by a police officer before the recorder of the First recorder's court of the city of New Orleans, and charges: "That on Tuesday, the 5 day of Oct. 1928, at about 1:30 o'clock a. m., on 825 Dryades Street in this District and City, one Celestine Green et als did then and there violate Ordinance Number ———. Trespassing. All against the peace and dignity of the City of New Orleans," etc.

In our opinion, the affidavit attacked is insufficient in law in more than one particular. The defendants, Beatrice Taylor and Orelia Noel, are not even named in the body of the affidavit, but are charged under the general term "et als" after the name of Celestine Green, the only defendant therein named.

The number of the ordinance which is alleged to have been violated is not stated in the affidavit, and the only description of the offense charged is contained in the single word "Trespassing."

Article 1, section 10, of the Constitution of 1921, declares that: "In all criminal prosecutions, the accused shall be informed of the nature and cause of the accusation against him."

It is true that the precision required in indictments for crime before courts of record is not applicable to affidavits against violators of municipal ordinances before recorders' courts. State v. Dunbar, 43 La. Ann. 836, 9 So. 492; State v. Baker, 44 La. Ann. 79, 10 So. 405; State v. Finnegan, 50 La. Ann. 549, 23 So. 621; Minden v. McCrary, 108 La. 518, 32 So. 468; State v. Thompson, 111 La. 315, 35 So. 582.

This court has held that an affidavit in a recorder's court, setting forth the number of the ordinance and the particular section violated, is sufficient. New Orleans v. Rinaldi, 105 La. 183, 29 So. 484.

It has also been held to be sufficient if the affidavit before a recorder charges defendant with the violation, at a particular place, of a designated ordinance relative to a particular subject, viz.: "Ordinance No. 13,335 C. O. S. amended by C. O. 5419 C. C. S. relative to dairy limits." City of New Orleans v. Griffin, 147 La. 1089, 86 So. 554.

But not one of the decisions of this court, in liberalizing affidavits before recorders' courts, has ever gone to the extent of holding that an affidavit in such courts need

not give the number of the ordinance violated, but that general reference to the offense charged as "Trespassing" is sufficient, under an ordinance without number, and without setting out any particular act or acts constituting the offense.

 Nor has this court ever held that a defendant may be convicted before a recorder, when named in the body of an affidavit only under the general designation "et als."

The fact that a defendant's name may appear in the title of a case in a recorder's court is not sufficient, since the title is not the charging part of the affidavit. The name of a defendant must appear also in the body of the affidavit, in order that he may be charged with the offense.

Besides, if acquitted or convicted of a charge, a defendant may plead autrefois acquit or autrefois convict as a complete bar to a second prosecution for the same offense, and he cannot be deprived of this fundamental right, and placed twice in jeopardy of liberty for the same offense, through mere omission to designate his individual name in the body of the affidavit made in a recorder's court. Const. 1921, art. 1, § 9; R. S. 1870, § 1065.

It is therefore ordered that the conviction and sentence of each of the defendants be annulled and set aside, and that defendants be discharged, in so far as the present prosecution against each of them is concerned.