SAVOY, Judge.
On August 12, 1969, the Mayor and Board of Aldermen of the City of Crowley enacted Ordinance No. 900, establishing regulations for the police and fire department personnel employed by that City. Included in the ordinance is a provision that no member of the said departments shall engage in any outside employment, commonly known as “moonlighting”. Several employees of the fire department of the City of Crowley filed a suit to enjoin the enforcement of the outside employment provision of Ordinance No. 900. Subsequently, Ordinance No. 900, was re-enacted and promulgated as Ordinance No. 902. By stipulation Ordinance 902 was substituted for Ordinance No. 900 in this suit.
The court below held that the City acted reasonably in adopting this portion of the ordinance and, therefore, refused petitioners’ prayer that the City of Crowley be enjoined to enforce the mentioned portion of the ordinance. Petitioners, the firemen, have appealed that ruling.
Although the suit as presented to the trial court involved other issues, the only issue presented to this court is the validity of the provision of Ordinance No. 902 which prohibits firemen from engaging in any outside employment.
The clear preponderance of the evidence presented at the trial discloses the following pertinent facts:
a. Engaging in outside employment has been a common practice by employees of the fire department of the City of Crowley since the beginning of that department.
b. No fireman has required sick leave or pay as a result of injuries sustained while engaged in outside employment dur *370 ing at least sixteen years prior to the trial of this case.
c. There has been no problem in locating off-duty firemen to have them report for emergencies while those firemen were engaged in outside employment. Some evidence suggested that these firemen were more readily accessible while working on outside jobs because their location is then more easily determined. No evidence suggests that they would be harder to find or that divided loyalties would ever prevent their reporting for fire fighting duty.
d. Uncontradicted testimony also reveals that outside employment has not caused any fatigue which would hinder the alertness of the firemen while on duty. In view of the nature of their duty, this testimony appears to be quite reasonable. Crowley firemen work shifts of 24 hours on duty and 24 hours off duty. While on duty, in the absence of emergencies, the firemen ordinarily sleep several hours each night. During the intervening off duty days, these men can easily work a few hours, have time for sleep and return to work in a rested and alert condition. Prior to the passage of Ordinance No. 902, the Mayor and Board of Aldermen did not receive any complaints or conduct any investigation which indicated that outside employment had or would interfere with a fireman’s performance of his duties.
e. Finally, the evidence shows that firemen paid by the City of Crowley are employed as classified civil servants.
In examining Ordinance No. 902, we start with the presumption that a municipal ordinance enacted pursuant to the police power vested in such a political subdivision is valid, and the burden of proving the contrary is on the party asserting its invalidity or nullity. Chapman v. City of Shreveport, 225 La. 859, 74 So.2d 142 (1954); State v. Saia, 212 La. 868, 33 So.2d 665 (1947); Meyers v. City of Baton Rouge, 185 So.2d 278 (La.App. 1 Cir. 1966).
The City of Crowley operates under the Lawrason Act, which provides for a May- or and Board of Aldermen-type of government. The powers of such a municipality are enumerated in LSA-R.S. 33:361 which provides, in part, that:
“The municipal corporation shall have the power ... to make all contracts and to do all other acts in relation to its property and concerns necessary to the exercise of its corporate or administrative powers . . . .”
LSA-R.S. 33:401 provides, in part, that:
“The mayor and the board of aldermen . shall have power: ... to provide for municipal officers other than those required by this Part who may be found necessary; to prescribe the duties and fix the compensation of all officers and employees, subject to any applicable civil service law; and to require bonds with sureties for the performance of duties from all officers and employees. . To provide for the removal of officers and discharge of employees for misconduct or neglect of duty, subject to any applicable civil service law.”
The law applicable to civil service employees is La.Const. Art. 14, Sec. 15.1. In this portion of our Constitution it is provided in Subsection 30, paragraph a. that:
“The tenure of persons who have been regularly and permanently inducted into positions of the classified service shall be during good behavior. However, the appointing authority may remove any employee from the service, or take such disciplinary action a!s the circumstances may warrant in the manner provided below for any one of the following reasons : . . .
“(3) The commission or omission of any act to the prejudice of the departmental service or contrary to the public interest or policy.”
*371 Additionally, it is provided at La.Const. Art. 14, Sec. 40, subparagraph D that:
“The provisions of this constitution and of any general laws passed by the legislature shall be paramount and no municipality shall exercise any power or authority which is inconsistent or in conflict therewith. Subject to the foregoing restrictions every municipality shall have, in addition to the powers expressly conferred upon it, the additional right and authority to adopt and enforce local police, sanitary and similar regulations, and to do and perform all other acts pertaining to its local affairs, property and government which are necessary or proper in the legitimate exercise of its corporate powers and municipal functions.”
In addition to the above powers and duties, it is provided in LSA-R.S. 33:1965 that:
“If the municipality has less than one hundred thousand inhabitants, the governing authority of the municipality shall regulate the fire department. . . . ”
We feel that the foregoing statutory and constitutional authorities leave no doubt that a city such as Crowley may enact ordinances to regulate its fire department and fire department employees. It has been held by our Supreme Court that municipalities may legislate local regulations in furtherance of the purpose of state law. State ex rel. Sutton v. Caldwell, 195 La. 507, 197 So. 214 (1940).
The power just mentioned, i. e., the power of a municipality to enact ordinances regulating its fire department, is not without limit. The jurisprudence of our State is well-established that such ordinances must not only be “fit and appropriate to the necessities of the locality”, but also must “be not in themselves unreasonable”. State ex rel. Sutton v. Caldwell, supra; Baton Rouge v. Rebowe, 226 La. 186, 75 So.2d 239 (1954); Shreveport v. Provenza 231 La. 514, 91 So.2d 777 (1956); and Lafayette v. Elias, 232 La. 700, 95 So.2d 281 (1957).
It has long been recognized in Louisiana that the valid exercise of the police power of a municipality requires that such actions be reasonably related to the public health, morals and general welfare. The means adopted by an ordinance must be reasonably adapted to a public end and must not be arbitrary, oppressive or unreasonable. Louisiana Gas Service Company v. Louisiana Public Service Commission, 245 La. 1029, 162 So.2d 555 (1964).
The court will not interfere with the exercise of legislative discretion nor substitute its own judgment for legislative discretion, except where the legislative action is so clearly arbitrary and capricious as to be unreasonable. Hunter v. Shreveport, 216 So.2d 140 (La.App. 2 Cir. 1968), writ refused 253 La. 323, 217 So.2d 414 (1969).
When it is necessary to determine the reasonableness of an ordinance, members of a Board of Aldermen of a municipality enjoy the same stature as members of the legislature of our state; and the motives of aldermen in enacting ordinances cannot be questioned. The reasonableness of the ordinance itself is the primary issue. City of New Orleans v. Griffin, 147 La. 1089, 86 So. 554 (1920).
As a further test of the reasonableness of legislative action, it has been held that it must be shown that there was no room for a difference of opinion and that there was no substantial evidence upon which the legislative action could have been taken. Torrance v. Caddo Parish Police Jury, 119 So.2d 617 (La.App. 2 Cir. 1960).
The validity of the prohibition against outside employment provided for in Ordinance No. 902, as adopted by the legislative body of the City of Crowley therefore depends upon the reasonableness of that provision, in accordance with the tests outlined above.
*372 Our analysis of the facts in the present case is that there is no “substantial evidence” upon which the ordinance could have been based. In fact, there is no such evidence at all. Plaintiffs have shown clearly that the City of Crowley has never been harmed by the “moonlighting” of firemen. The Board of Aldermen had no evidence, complaint or other indications showing that outside employment in any way interfered with a fireman’s performance of his duties. The Mayor was only able to speculate that harms to the city might manifest themselves at some future date, and as indicated, the speculation was without substantiation.
It should be noted here also that the basic right of men to work, and the freedom to use their own time as they reasonably see fit is involved in this case. Our Supreme Court has stated very specifically that:
“The right to work cannot be restrained without reason. Constituted authorities have been careful not to sanction unreasonable interference with the right.” State v. Legendre, 138 La. 154, 70 So. 70 (1915).
The plaintiffs in this case, as citizens of the State, are protected by the portion of our Constitution quoted above, and, additionally, they are employees protected by statutes relative to civil servants. No municipality may unreasonably interfere with the rights given to them by our Constitution as citizens or as civil servants.
We feel that the provision of Article 902, adopted by the City of Crowley, which forbids outside employment by firemen is patently unreasonable. It is an arbitrary, capricious and absolute prohibition against any outside job. The portion of the ordinance in question is totally without support by any substantial evidence upon which such an ordinance could be based; and it applies to all firemen without any allowance for individual considerations.
The City of Crowley has the authority to enact reasonable ordinances regulating its fire department. There is no evidence to indicate that an inquiry was made into whether the enacting of the portion of the ordinance in question was in any way commensurate with the police power delegated to municipalities.
We conclude that Ordinance No. 902 which prohibits any outside employment by firemen is invalid.
For the reasons assigned, the judgment of the district court is reversed, and judgment is hereby rendered in favor of plaintiffs, City of Crowley Firemen, and against defendant, the City of Crowley, permanently enjoining said defendant, its agents, employees, and all other persons, firms or corporations acting on its behalf from enforcing Ordinance No. 902. Defendant to pay all costs in the district court and on appeal.
Reversed.