PER CURIAM.
A Bill of Information was filed against the defendant, Mark A. Hampton, charging him with violation of La.R.S. 32:64. A Motion to Quash the Bill of Information was granted by the trial court on the grounds that the statute with which the defendant was charged is unconstitutionally vague and indefinite. The State appeals from this ruling of the trial court. La.C.Cr.P. art. 912(B).
On this appeal, we need not reach the question of the constitutionality of the statute with which the defendant was charged for the reason that the Bill of Information is insufficient under La.C.Cr.P. art. 464 and La. Const. of 1921, Art. 1, Sec. 10.
The Bill of Information attempting to charge the defendant with a violation of La.R.S. 32:64 was constructed by pasting the Complaint-Affidavit which was issued *695 by a police officer onto a separate sheet of paper with the Assistant District Attorney’s signature on the very botton of the sheet. The Complaint-Affidavit itself is similar to the Uniform Traffic Ticket which is used by the majority of traffic enforcement agencies throughout the state. There are designated spaces in which the police officer places the name of the traffic offender (and other personal identification information, e. g. driver’s license number, etc.), the location of the alleged offense, and then the citation recites: “ . . . and did then and there commit the following offense: R.S. -”. In this case, the officer filled in the offense blank with “R.S. 32:64”, and in the blank provided for the officer’s description of the offense he wrote, “Prima facie speeding”. There is absolutely no other description of the alleged offense written upon the Bill of Information.
Art. I, Section 10 of the Louisiana Constitution of 1921 requires that in all prosecutions the accused be informed of the nature and cause of the accusation against him. Under this general mandate we have determined that a bill of information or indictment must contain all of the essential elements of the crime intended to be charged in sufficient particularity to enable the defendant to prepare for trial, to allow the court to determine the propriety of the evidence which is submitted and to afford the defendant protection from subsequent prosecution for the same offense. State v. Cox, 244 La. 1087, 156 So.2d 448 (1963); State v. Smith, 243 La. 656, 146 So.2d 152 (1963); State v. Scheler, 243 La. 443, 144 So.2d 389 (1962).
The crime intended to be charged in the instant case is a violation of La.R.S. 32:64. That provision reads as follows:
“A. No person shall drive a vehicle on the highway within this state at a speed greater than is reasonable and prudent under the conditions and potential hazards then existing, having due regard for the traffic on, and the surface and width of, the highway, and the condition of the weather, and in no event at a speed in excess of the maximum speeds established by this Chapter or regulation of the department made pursuant thereto.”
Thus, it is seen that the act proscribed in that section can be committed in either of two ways: driving at a speed in excess of that which is reasonable and prudent or driving at a speed in excess of the maximum speed limit established by regulation of the Department of Highways. The Bill of Information in this case fails to give any indication of which method it is alleged that the defendant committed the offense.
In State v. Dozier, 258 La. 323, 246 So. 2d 187 (1971), where the defendant was charged with violation of La.R.S. 14:99 (reckless operation of a motor vehicle) we held that since there are several means by which the statute may be violated, an information charging its violation either must name conjunctively all the means used therein or specify with particularity the one means by which it is alleged the statute is violated. We held that the Bill of Information was defective for its failure to do so.
In the instant case, we have a similar situation. A violation of La.R.S. 32:64 may be accomplished by either of two means. Yet, the Bill of Information fails to either specify the particular means by which it is alleged that the defendant violated the statute, or to charge him conjunc-tively with a violation through both means. The words “prima facie speeding” which are written upon the complaint affidavit do not specify the means by which the defendant is alleged to have violated La.R.S. 32:64. Thus, the Bill of Information is defective.
Moreover, wc feel that the Bill of Information in this case is in violation of Louisiana Constitution of 1921, Art. I, Section 10, for an additional reason. That is, the bill fails to state any of the essential ele *696 ments of the offense intended to be charged. There is not one statement of the elements of La.R.S. 32:64 contained within the bill of information. The only-reference to the offense is the citation of the statue, and the words, “prima facie speeding”. This is a plain violation of La.C.Cr.P. art. 464 and La. Const. of 1921, Art. I, Section 10, and accordingly we find that the bill of information is defective.
This case is distinguishable from City of Pineville v. Robinson, 260 La. 415, 256 So. 2d 427 (1972). There, we held the affidavit was sufficient to charge a violation of driving while intoxicated. In that case the prosecution was in a city court. Under the jurisprudence of this Court an affidavit instituting prosecution in city court need not satisfy the technical requirements of a bill of information or indictment. City of New Orleans v. Green et al., 168 La. 436, 122 So. 282 (1929), and the cases cited therein. Prosecutions in city courts may be by affidavit instead of by information or indictment. La.C.Cr.P. art. 382.
For the reasons assigned, the judgment of the district court quashing the indictment is affirmed.