WATKINS, Judge.
Plaintiffs, Brian Rodrigue, husband and Connie Papa Rodrigue, appeal from a final judgment granting a Motion for Summary Judgment in favor of defendant, State Farm Mutual Automobile Insurance Company (State Farm), dismissing their claim in which they seek to stack two uninsured motorist coverage policies. We affirm.
The record establishes the following facts:
On August 12, 1979, Mrs. Rodrigue, while walking in the parking area of the “Nothin Fancy” lounge, was struck and injured by a 1972 Buick, operated by Debbie Ann Killingsworth.[1] The record establishes that Killingsworth was uninsured.
The Rodrigues then filed suit against their UM carrier, State Farm, under two separate insurance policies, both of which provided underinsured/uninsured motorist coverage. The limits under each of the two policies in question are $25,000/$50,000.
Subsequently, the plaintiffs settled with State Farm for the limits of one uninsured policy and the medical payments under both. Plaintiffs, having reserved their rights then proceeded against State Farm under the second uninsured policy coverage. State Farm then filed a motion for Summary Judgment which was subsequently granted and the Rodrigues have devolutively appealed.
Plaintiffs contend that the criteria of the anti-stacking provision of LSA-R.S. 22:1406D(1)(c)[2] are so clearly arbitrary and capricious as to render that legislation unconstitutional. Although not raised at the trial level, we find this claim has no merit. Plaintiffs cite the following cases in support of their contention that LSA-R.S. 22:1406D(1)(c) is so clearly arbitrary and capricious as to be unreasonable: Magnon v. Acadian Metropolitan Code Authority, 413 So.2d 972 (La.App. 3rd Cir.1982); City of Crowley Fireman v. City of Crowley, 264 So.2d 368 (La.App. 3rd Cir.1972), cert. granted, 266 So.2d 219, affirmed 280 So.2d 897 (La.1973); Hunter v. City of Shreveport, 216 So.2d 140 (La.App. 2nd Cir.1968), writ denied, 253 La. 323, 217 So.2d 414 *1238 (1969). We find that all the above cases involve municipal corporations and are factually distinguishable.
Historically, “stacking” was permitted by the courts when the mandated UM coverage limits were the minimal $5,000/$10,-000. Amendments to LSA-R.S. 22:1406D(l)(c) in 1972, 1974 and 1977, along with the jurisprudence, expanded the insureds’ right to UM protection. With this increased access to UM coverage the legislature was persuaded to adopt Act 623 of 1977, which is known as the anti-stacking provision. We find that the legislature did not act arbitrarily and capriciously in passing Act 623 but instead acted reasonably in response to the growing jurisprudence permitting stacking. See McKenzie, Louisiana Uninsured Motorist Coverage After Twenty Years, 43 La.L.Rev. 691, 717 (1981-83).
The Louisiana Supreme Court in Nall v. State Farm Mutual Automobile Ins. Co., 406 So.2d 216 (La.1981), construed Act 623 and made clear that three conditions must exist in order for LSA-R.S. 22:1406D(1)(c), the anti-stacking exception to apply: (1) the insured party must have been occupying an automobile not owned by him; (2) there must be UM coverage on the occupied vehicle, which coverage is primary; and (3) there must be at least one other UM coverage available to the injured party who has not been fully compensated for his damages. Plaintiffs admit and we agree that they do not fit into the criteria of the exception.
LSA-R.S. 22:1406D(1) was amended by Act 623 of 1977 to add the language contained in subsection D(l)(c) for the purpose of preventing “stacking” of policies and coverage, which had been allowed under decisions interpreting the statute prior to the amendment. It is clear to us that the question of stacking sub judice is the type of situation that the legislature intended Act 623 to prevent. Clement v. Continental Ins. Co., 430 So.2d 1212 (La.App. 1st Cir.1983), writ denied, 433 So.2d 1057 (La.1983); Branch v. O’Brien, 396 So.2d 1372 (La.App. 2nd Cir.1981), writ denied, 400 So.2d 905 (La.1981).
Accordingly, for the foregoing reasons, the judgment of the trial court is affirmed. All cost of this appeal are to be paid by plaintiffs-appellants.
AFFIRMED.

. The record establishes that the vehicle, at the time of the accident, was owned by Cody Lloyd Vice, an absentee from the State of Louisiana, domiciled in the State of Mississippi; and/or Clark Construction Company, a foreign corporation not licensed to do business in the State of Louisiana; and/or Leroy Frost, an absentee from the State of Louisiana, domiciled in the State of Mississippi.

. LSA-R.S. 22:1406D(l)(c) provides in pertinent part:
With respect to bodily injury to an injured party while occupying an automobile not owned by said injured party, the following priorities of recovery under uninsured motorist coverage shall apply:
(i) The uninsured motorist coverage on the vehicle in which the injured party was an occupant is primary;
(ii) Should that primary uninsured motorist coverage be exhausted due to the extent of damages, then the injured occupant may recover as excess from other uninsured motorist coverage available to him. In no instance shall more than one coverage from more than one uninsured motorist policy be available as excess over and above the primary coverage available to the injured occupant.